## Hazen *against* Culbertson.

In a proceeding under the landlord and tenant act of April 3, 1830, the justices adjudged that the premises should be given up to the landlord, and also found certain arrears of rent due. The tenant appealed and gave bail conditioned, in the words of the act, that if the judgment should be affirmed, they would pay all costs and all rent which had or might accrue up to final judgment. The landlord afterwards took a confession of judgment, from the tenant, for a certain sum, not embracing the rent accruing after suit brought; and judgment was entered on the appeal, as if a verdict had been rendered for that sum; and the tenant was suffered to retain possession: *Held,* that this was not such an affirmance of the judgment as rendered the bail responsible on the recognizance.

*Semble,* that although the finding by the justices of the arrears of rent was void under the act, yet the rest of their judgment might be considered good.

ERROR to the common pleas of *Mercer* county.

Joseph Culbertson against Samuel B. Hazen. This was an action upon a recognizance, in which the following case was stated in the nature of a special verdict.

On the 28th day of November, 1832, Joseph Culbertson, the plaintiff, leased to Daniel Chapman a lot of ground, with the houses and appurtenances, for three years from and after the 1st day of December 1832, for the annual rent of 70 dollars, payable half yearly; the first payment to be made on the 1st April 1833. On the 9th day of December 1834, Culbertson commenced a proceeding before two justices, under the act of the 3d of April 1830, and on the 13th of same month, obtained a judgment of restitution of the demised premises, and also for the sum of 56 dollars 68 cents, with costs, from which judgment and decree the defendant, Chapman, appealed, and gave bail to prosecute the appeal by Samuel Hazen, the present defendant, as his security, in the sum of 300 dollars. On the 27th of June, the case of Culbertson v. Chapman came on to be tried, when the defendant confessed judgment in favour of plaintiff, for 44 dollars 73 cents. Chapman continued in possession of the premises, under the lease, until July 1835, when

[Hazen v. Culbertson.]

he left them, and moved to Ohio. If, on the above statement, the court should be of opinion, that the plaintiff is entitled to recover from the defendant, on his recognizance, all the rent to the expiration of Chapman's lease, or the rent up to the time Chapman left the premises, or up to the time when the suit of the plaintiff against Chapman was finally decided in court, judgment to be entered accordingly. If the plaintiff is entitled to recover from the defendant the rent due by Chapman at the time of the trial before the justices, judgment accordingly; and if the court should believe the defendant not liable for any portion of said rent, judgment to be rendered for the defendant, and in each case, the court to enter judgment as to costs, as to law doth appertain.

The following were the proceedings before justices.

Joseph Culbertson *v.* Daniel Chapman. Complaint of Joseph Culbertson, before William Church, and James M'Crackin against Daniel Chapman, under the act of assembly entitled an act, relative to landlords and tenants, passed the 3d of April 1830, for the non-payment of rent to the said Culbertson, on a lease dated the 28th day of November 1832. December 9, 1834, summons issued to Richard Davis, constable, commanding him to summon Daniel Chapman, to appear before said justices, at the house of James M'Crackin, in Sandy Creek township, Mercer county, on the 13th instant, to answer said complaint. Summons returned served, on oath, December 13, 1834. Defendant not appearing, after hearing plaintiff, and investigating his claims, it appearing to us, the said justices, that the said complaint is in all particulars just and true, we do hereby adjudge, that the premises shall be given up to the said Culbertson by the said Chapman, and we find there is due for the rent of said premises, the sum of 56 dollars 68 cents. Defendant appeals.

The following recognizance was given:

" You Daniel Chapman and Samuel B. Hazen, and each of you, acknowledge yourselves indebted to Joseph Culbertson, in the sum of 300 dollars, conditioned, that if the judgment in the above case be affirmed, that you will pay all costs which have or may accrue, also all rent which has or may accrue up to final judgment; then this recognizance to be void, otherwise to remain valid. Taken before us the 17th day of December 1834.

" WILLIAM CHURCH,
" JAMES M'CRACKIN."

Judgment in the common pleas of Mercer county, on appeal. No. 58; December 1834. " June 27, 1836. A jury sworn, &c. By consent, a juror withdrawn, and defendant confesses judgment for 44 dollars 73 cents, the amount of arrears of rent due of the defendant to the plaintiff, on the 1st day of December 1834, and not embracing the rent accruing after that, and becoming due after the 1st of December 1834. This confession of judgment to have the same effect as if a verdict had been rendered for the sum for which judgment is confessed."

[Hazen v. Culbertson.]

On the 21st October 1839, the court gave judgment for the plaintiff on the case stated, for the sum of 100 dollars 40 cents, and the costs, in No. 58, December term 1834. This judgment to bear interest from the 29th of March 1837.

The amount of rent due up to the time of trial or time when Chapman, the lessee, left the premises, was 100 dollars 40 cents. The amount of rent due when proceedings were commenced before the justices, was 44 dollars 73 cents.

Error assigned.

The court erred in entering judgment for the plaintiff below on the case stated.

*Pearson,* for plaintiff in error, referred to the act of assembly, and contended that the proceedings were irregular before the magistrates. It did not appear that fifteen days' notice was given, nor that there was not sufficient distress on the premises. He further contended, that the recognizance was not forfeited. Nothing was done by the court or jury as to the possession of the premises; the judgment being confessed as if on a verdict for the rent alone.

*Church,* for defendant in error, contended that the judgment of the justices was in substance affirmed. It was for the rent in arrear, and that would give us a title to the possession, which is an affirmance of the judgment.

The opinion of the court was delivered by

SERGEANT, J.—The object of the act of April 3, 1830, is, to enable landlords to recover possession of the premises demised, in cases where the rent is not paid, and there is no sufficient distress on the premises. The only judgment which it directs to be rendered by the justices is, a judgment that the premises shall be delivered up to the lessor, and the writ of possession is for that purpose, and to levy the costs. No judgment is rendered by the justices for the rent in arrear; nor does it authorize it to be levied; although the amount is endorsed on the writ of possession, it is merely to enable the tenant, by paying it with the costs, to supersede the writ of possession. In the case before us, the justices adjudged, that the premises should be given up to Culbertson by Chapman: but they also found the rent due to be 56 dollars 68 cents, which it was not regular for them to do under the act, though perhaps the rest might be considered good and this part void. Chapman then appealed, and gave recognizance with the defendant as bail, conditioned in the words of the act, that if the judgment be affirmed, they would pay all costs which had or might accrue, and also all rent which had or might accrue up to final judgment. On the trial of this in January 1836, the jury being sworn, were discharged by consent, and Chapman confessed judgment for 44 dollars 73 cents, the amount of arrears of rent due December 1, 1834, and not embracing the rent accruing after that, and becoming due after

[Hazen v. Culbertson.]

December 8, 1834; the confession to have the same effect as if a verdict had been rendered for the sum confessed. The court rendered judgment for 100 dollars 40 cents, and costs in the suit.

It cannot be said, under this appeal, that the judgment was affirmed. No judgment was given upon it such as the law contemplates, for the possession of the premises. On the contrary, that was waived by consent of the landlord; the tenant was suffered to remain in possession, and a judgment taken as if on a verdict for the amount of the rent and costs only. This was not an affirmance of the judgment contemplated by the act, nor the really effective one rendered by the justices, viz. for the possession of the property, but on the contrary, a substitution for it of a recovery of a sum of money due for rents. We think the judgment confessed is not that contemplated by the act of assembly, but only a part of it; and however the landlord may have thought it his interest to take the money and leave the possession undisturbed, it cannot be said that the judgment before the justices is affirmed, but on the contrary, another thing taken in lieu of it, not in violation of the recognizance, and for which the bail is not responsible.

Judgment reversed.