# Strodick *v.* Pennington, Appellant.

*Landlord and tenant—Recovery of possession—Rent in arrears—Act of April* 3, 1830, *P. L.* 187.

In a proceeding by a landlord under the Act of April 3, 1830, P. L. 187, before a justice of the peace or magistrate, to recover possession of demised premises, no judgment can be entered against the defendant for rent in arrears. The amount certified by the justice and indorsed on the writ of possession, is not a judgment, but such certificate is merely to enable the tenant by paying the amount named with the costs, to supersede the writ of possession.

Argued Oct. 13, 1908.  Appeal, No. 20, Oct. T., 1908, by defendant, from order of C. P. No. 5, Phila. Co., Sept. T., 1907, No. 4,229, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Pauline Strodick et al. v. Elijah S. Pennington.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Assumpsit for rent in arrears.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows:

Defendant is advised and believes, that plaintiffs ought not to maintain the present action for the reasons, that on October 31, 1907, these plaintiffs instituted proceedings against defendant under the provisions of the Act of April 3, 1830 (entitled: " An Act Relative to Landlord and Tenant," P. L. 187), before WILLIAM J. HARRIS, Magistrate of Court No. 24, for the city and county of Philadelphia, which said magistrate on November 7, 1907, rendered judgment against defendant, from which judgment defendant appealed and filed a transcript from said magistrate's docket of said proceedings in the court of common pleas No. 1, of the county of Philadelphia, as of December Term, 1907, No. 509, and in said appeal defendant executed a bond with surety (owning real estate in Philadelphia of the value of more than $5,000) in the penal sum of $500,

476 STRODICK *v.* PENNINGTON, Appellant.

Statement of Facts—Opinion of the Court. [37 Pa. Superior Ct.

conditioned for the payment of all costs that have accrued or may accrue in case such judgment be affirmed, and also for all rent that has accrued and may accrue up to the times of final judgment; the same action or suit aforesaid is founded upon the same writing obligatory in the said statement of claim in this present suit mentioned.

And deponent further says, that the parties in this and the said former suit are the same and not other or different persons; and that said former suit was brought and prosecuted against the said defendant by the said plaintiffs as aforesaid, is still pending in the said court, as by the record and proceedings thereof more fully appear.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. H. Redheffer,* with him *W. H. Redheffer, Jr.,* for appellant. —A plaintiff having elected to take a certain action and having recovered judgment therein, is barred from recovering judgment in the other. He cannot subject the defendant to double costs: Garvin v. Dawson, 13 S. & R. 246; Wilson v. Hamilton, 9 S. & R. 424; Brenner v. Moyer, 98 Pa. 274.

*Henry Spalding,* with him *David N. Fell, Jr.,* for appellees.— This statute does not authorize the entry by the magistrate of a judgment for the rent found to be in arrear: Evans v. Radford, 2 Phila. 370; Clark v. Everly, 8 W. & S. 226; Trimbath v. Patterson, 76 Pa. 277; Robinson v. White, 39 Pa. 255; King v. Blackmore, 72 Pa. 347; Pennsylvania Co., etc., v. Shanahan, 10 Pa. Superior Ct. 267.

OPINION BY MORRISON, J., December 7, 1908:

In taking his appeal and printing his paper-book the appellant has reversed the parties, making himself plaintiff, and the plaintiffs, defendants. For this error we might quash the appeal, but have concluded to state the case correctly and consider it on its merits.

This was an action of assumpsit to recover rent alleged to be due and unpaid under a written contract. The plaintiff's

declaration stated a good cause of action and the defendant was properly required to file an affidavit of defense. The defense set up is that the plaintiff, on October 31, 1907, instituted an action under the provisions of the Act of assembly of April 3, 1830, P. L. 187, before a magistrate, to recover possession of the demised premises, and on November 7, 1907, the magistrate rendered judgment against the defendant, which judgment he appealed to the court of common pleas No. 1 of Philadelphia county to No. 509, December Term, 1907, and gave bail in accordance with the provisions of said act of assembly. The learned court below considered the affidavit insufficient and granted judgment against the defendant for the amount of plaintiff's claim, and from that judgment we have this appeal.

Under the act of April 3, 1830, the justice or magistrate has no power to enter judgment in such a proceeding for the amount of the rent in arrear. The act only authorizes judgment for possession of the demised premises, and empowers the magistrate to certify the amount of rent in arrear, but this certificate is in no sense a judgment. In Hazen v. Culbertson, 10 Watts, 393, our Supreme Court, by SERGEANT, J., said: "The object of the act of April 3, 1830, is to enable landlords to recover possession of the premises demised, in cases where the rent is not paid, and there is no sufficient distress on the premises. The only judgment which it directs to be rendered by the justices is a judgment that the premises shall be delivered up to the lessor, and the writ of possession is for that purpose, and to levy the costs. No judgment is rendered by the justices for the rent in arrears; nor does it authorize it to be levied; although the amount is indorsed on the writ of possession, it is merely to enable the tenant, by paying it with the costs, to supersede the writ of possession." See also Hickey v. Conley, 24 Pa. Superior Ct. 388; Ballou v. Mehring, 28 Pa. Superior Ct. 156.

The affidavit of defense sets up nothing which is a bar to the action in assumpsit for the recovery of the rent in arrear.

The assignments of error are dismissed and the judgment is affirmed.