HENRY CLOSSON *vs.* JAMES STEARNS.

WINDHAM,
*February,*
1831.

An endorsement on a promissory note, written and signed with a pencil, is a valid endorsement, and the endorsee can maintain an action thereon against the maker.

Action of *assumpsit* by the endorsee of a promissory note against the maker. At the trial it appeared that the note in question was made payable to Joel Houghton or order, and by him endorsed to the plaintiff. It appeared from an inspection of the note, that the endorsement was made and signed with a lead pencil, and for that reason, the defendant contended, said endorsement was not a valid one : but the court were of opinion that the endorsement was sufficient, and thereupon rendered judgement for the plaintiff. The case was reserved for the opinion of this Court.

After argument,

WILLIAMS, J., *delivered the opinion of the Court.*—The plaintiff sued as endorsee of a promissory note executed by defendant. On producing the note it appeared that the endorsement was made and signed with a lead pencil. Although it may be imprudent and unsafe, in many cases, to rely on a writing made with a pencil, yet the authorities show clearly that such writing has been recognised as legal. The case of *Merritt & Merritt* vs. *Clason*, 12 *Johns.* 102, and the case of *Clason* vs. *Bailey & Voorhees*, 14 *Johns.* 484, establish this principle, that a memorandum of a contract made with a lead pencil is a sufficient memorandum in writing within the statute of frauds ; and in the latter case *Chancellor Kent* mentions several cases where the same, or a similar principle, has been decided. In the case of *Rymes* vs. *Clarkson*, 1 *Phillimore's Reports*, 22, ·found in *Ingraham's collection* of cases from the English ecclesiastical reports, it was considered that a codicil or a will written in whole, or in part, in pencil was a will in writing agreeable to the statute. In a more recent case, *Geary* vs. *Physic*, 5 *Barn. and Creswell*, 234, the very point made in this case was raised and discussed ; and it was decided that an endorsement upon a promissory note, written with a pencil, was a valid endorsement within the custom of merchants. We see no reason for disregarding these authorities and establishing a different principle in this state.

The judgement of the county court must, therefore, be affirmed.

*Closson, pro se.*
*Roberts & Kellogg,* for defendant.