### FINCH and another *against* DE FOREST and others.

Where a promissory note, payable to *A*, or order, sixty days after date, was indorsed by him, with intent to negotiate it, in the partnership name of *A. & Co.*, which partnership, consisting of *A* and *B*, was then subsisting; it was held, that such indorsement operated to transfer the legal title to the indorsee.

THIS was an action of *assumpsit*, by the plaintiffs, as indorsees of a promissory note, against the defendants, as the indorsers thereof.

The declaration stated, that on the 6th of *June*, 1842, *Joseph O. Kane*, of *Waterbury*, made his certain promissory

*New-Haven,*
*July, 1844.*

*Finch*
*v.*
*De Forest.*

note in writing, bearing date on that day, and thereby promised to pay, at the *New-Haven County Bank*, to *Horace V. Porter* or order, sixty days after date, for value received, the sum of 200 dollars, and then delivered said note to said *Horace V. Porter;* and said *Porter*, to whom, or to whose order, the payment of the sum of money in said note specified was to be made, after the making of said note, and before the payment of said sum of money specified therein, on the day and year aforesaid, by the name of *H. V. Porter & Co.*, indorsed said note, by which said indorsement, he, then and there, ordered and appointed said sum of money in said note specified, to be paid to the defendants, and then and there delivered said note, so indorsed, to the defendants. The declaration then alleged the indorsement of the note to the plaintiffs, by the defendants, in the usual form.

The cause was tried, on the general issue, at *New-Haven, January* term, 1844, before *Hinman*, J.

On the trial, the plaintiffs offered in evidence, in support of their declaration, a note, of which the following is a copy : "*Naugatuck, June* 6th, 1842. Sixty days after date, I promise to pay *Horace V. Porter*, or order, at the *New-Haven County Bank*, two hundred dollars, value received. *J. O. Kane.*" This note purported to be, and was, indorsed thus : "*H. V. Porter & Co. Wm. De Forest & Co.*" The plaintiffs claimed to have proved, that the indorsement of the name of *H. V. Porter & Co.* was made by *Horace V. Porter*, the payee, with the intention of negotiating it, and of passing all his interest therein ; that it was made by him, without the consent or knowledge of his partner in the firm of *H. V. Porter & Co.;* that the note was not given for the benefit of the firm, nor for any purpose within the scope of their business ; that *Porter* had no authority to indorse the name of the firm, or to bind the firm thereby ; and that the avails of the note were not applied to the benefit of the firm, but to the benefit of *Porter* alone.

The defendant claimed to have proved, that *Porter*, the payee of the note, on the 6th of *June*, 1842, when it was made and indorsed, was one of the firm of *H. V. Porter & Co.*, a copartnership consisting of said *Horace V. Porter* and *William Gibbard*, both of whom are still living, and were then doing business under said copartnership name ; that the

New-Haven,
July, 1844.

Finch
v.
De Forest.

indorsement, " *H. V. Porter & Co.,*" was in fact made by *Horace V. Porter*, during the continuance of the copartnership ; that the note was made and indorsed for the benefit of the copartnership ; that *Porter*, when he indorsed it, intended to transfer it to the indorsees, and to bind the copartnership, by the indorsement ; and that the avails of it ought to be applied to the benefit of the copartnership, and were so applied. The defendants thereupon objected to the admission of the note and indorsement in evidence, on the ground that the legal title thereto had not vested in the plaintiffs, so as to enable them to sue, in their own names, thereon.

The court admitted the note and indorsement in evidence ; and charged the jury, that if they should find, that at the time *Porter* indorsed the note, by writing on it the name of *H. V. Porter & Co.*, that he intended to negotiate it, and to transfer all his interest therein, and title thereto, then the note was duly negotiated ; and that, if the plaintiffs were the holders of it, having taken it in the regular course of business, they were entitled to recover in this suit.

After a verdict for the plaintiffs, the defendant, conceiving that the court erred, in admitting the note and indorsement in evidence, and in the charge to the jury, moved for a new trial ; and the motion was reserved for the consideration and advice of this court.

*Kimberly* and *Buel*, in support of the motion, contended, That the plaintiffs could maintain no action for the recovery of the sum specified in the note, because the note was never so negotiated as to pass the legal title to the plaintiffs. In support of this proposition, they insisted,

First, that the legal title to a note negotiable can be passed, only by the indorsement of the payee, in the name of the payee. *Bennett* v. *Farnell*, 1 *Campb.* 130. *Chitt. Bills*, 253. (ed. 1839.) 2 *Stark. Ev.* 246. 1 *Sw. Dig.* 430.

Secondly, that *Horace V. Porter* and *H. V. Porter & Co.*, are different and independent names, representing different and independent rights and interests ; and the indorsement of *H. V. Porter & Co.*, a subsisting firm, by one of the partners, is not the indorsement of *Horace V. Porter*, the payee, but of a third person.

Thirdly, that the legal effect of the indorsement, by the firm

of *H. V. Porter & Co.*, was a *guaranty*. *Laflin* v. *Pomeroy*, 11 *Conn. R.* 440.   *Perkins* v. *Catlin, Id.* 213.

Fourthly, that parol evidence was not admissible to vary the effect of the indorsement.   *Chitt. Contr.* 102.   *Price* v. *Edmunds*, 10 *B. & Cres.* 578.   (21 *E. C. L.* 135.)   *Siffkin* v. *Walker* & al.   2 *Campb.* 308.

Fifthly, that the firm of *H. V. Porter & Co.*, being at the time legally subsisting, were bound by the signature of one of the members in the company name.   *Gow on Part.* 60.

Sixthly, that the partner could not, by the same signature, bind himself *severally*, and also *jointly* with another.

Seventhly, that it was not competent for the payee to assume the name of an existing firm, for the purpose and to the effect of binding himself only ; for it would operate as a fraud upon the subsequent parties.

Eighthly, that if these positions are well founded, the *intention* of *Porter* to negotiate and transfer the note by the indorsement, was of no avail to render it legally negotiated, or to entitle the plaintiffs to recover.

*C. A. Ingersoll* and *W. J. Flagg*, contra, contended, 1. That there was no variance between the note and indorsement and the declaration.   The declaration counts upon a note made payable to *H. V. Porter*, or order, and states, that *H. V. Porter* indorsed it, and that when he indorsed it, he put on it the name of *H. V. Porter & Co.*   The plaintiffs offer to prove this.   The defendants object to the plaintiffs proving their declaration.   This they cannot do.   Whether the declaration is sufficient, is another thing ; but the defendants having denied the declaration, cannot object to the plaintiffs' proving it.

2. That this note was duly negotiated, even upon the claim of the defendants.   An indorsement of a negotiable note or bill of exchange, is the transfer of it in writing, made upon it by him who is the legal owner of it.   If the payee, being the legal owner, transfer it in writing, it is negotiated, whether he sign his *right* name to the transfer, or not.   The legal owner may be a person other than the payee ; and an indorsement, by such legal owner, will transfer the legal title to the note or bill ; as in the case of an indorsement by an executor or administrator, when the payee is dead ; or an indorsement by

the husband, on a note given to the wife before marriage, and *New-Haven, July, 1844.* payable to her. *Miller* v. *Delamater*, 12 *Wend.* 433. *Merchants Bank* v. *Spicer*, 6 *Wend.* 443. *George* v. *Surrey*, 1 *Moo. & Malk.* 516. (22 *E. C. L.* 371.) *Upham* v. *Prince*, 12 *Mass. R.* 14. *Medway Cotton Manufactory* v. *Adams*, 10 *Mass. R.* 360. *Bass* v. *Clive*, 4 *Campb.* 78. *Farquhar* v. *Southey*, 1 *Moo. & Malk.* 14. (22 *E. C. L.* 234.) *Mott* v. *Hicks*, 1 *Cowen*, 513. 2 *Dev. & Bat.* 338. *Byles*, 13. *Chitt. Bills*, 184.

*Finch v. De Forest.*

HINMAN, J. The court below was of opinion, that if the payee, intending to negotiate the note in suit, indorsed it, such indorsement operated to transfer the legal title to the indorsee, notwithstanding it was made in the name of a co-partnership, of which the payee was a member, and not in his individual name; and the only question in the case, is, whether this opinion is erroneous.

It is familiar law, that if one be sued alone on a promise made by him jointly with others, and the nonjoinder of the other contracting parties is not pleaded in abatement, there is no variance between the promise declared on and the promise proved. And the reason is, because it is still the promise, though not the sole promise, of the party sued. So, if two should join in a conveyance of property, which belonged to one of them alone; no body would claim, that the title would not pass to the vendee. But the reason why it would pass, is, because it would still be the conveyance of the party having the legal title, though not his sole conveyance.

Now, the indorsement of a negotiable note is an order, by the indorser, to pay the contents of it to the indorsee; and this, being in writing, operates to transfer the legal title to the indorsee. But is it any the less the order of the payee, because it is the order of him and another? May it not, with truth, still be said to be the indorsement, though not the sole indorsement, of the payee? But if it is the indorsement of the payee, it transfers the title; and that is enough for the purposes of this case.

Upon this short view of the matter, therefore, we are of opinion, that the note was properly admitted in evidence, and that there was no error in the charge to the jury; consequently, a new trial is not advised.

In this opinion, the other Judges concurred.