Cooper *v.* Bailey.

HENRY COOPER, JR., *versus* JOHN BAILEY *& als. & trustees.*

In an action on a promissory note against the makers composing a firm, service of the writ upon one is sufficient, although the action is not commenced until after a dissolution.

In a trustee process, the action may be brought in the county where a corporation aggregate, summoned as trustee, has its established or usual place of business, provided the name of such corporation be inserted, and service made upon it, at any time prior to service on the principal. (R. S., c. 86, §§ 5 and 6.)

A negotiable promissory note, made payable "to the order of A. J. Lynn and W. Perkins," and indorsed "Lynn & Perkins," written by one of the payees, with the sanction and approval of the other, is a sufficient indorsement, although there was no such firm as "Lynn & Perkins."

The declaration, on a note, making an error in describing the amount for which it was given, and also in one of the initials of the payee's name, may be amended.

ON REPORT from *Nisi Prius*, RICE, J., presiding.
ASSUMPSIT.

The writ was against the principal defendants, several alleged trustees residing in Lincoln county, and the President, Directors & Co., of American Bank (alleged trustees) of Hallowell, Kennebec county.

The note declared on was as follows : —

"$3504,58.                              Sept. 10th, 1859.

"On demand, after date, we promise to pay to the order of A. J. Lynn and W. Perkins, thirty-five hundred and four dollars and fifty-eight cents. — Value received.

"Jno. Bailey & Co."

Indorsed. — "Lynn & Perkins."

John Bailey & Co., the principal defendants, consisted of John Bailey, George W. Perkins and William Goette.

By the officer's return, it appeared that he made service on the alleged trustees, residing in Lincoln county, on Sept. 23, and, on the same day, attached all the real estate belonging to principal defendants. Sept. 27, the writ was served on John Bailey. On Oct. 22, the writ was served on the President, Directors & Co. of the American Bank,

Cooper *v.* Bailey.

"by giving Alexander H. Howard, cashier of said bank, in hand, a true and attested copy of this writ," &c. And, on Nov. 8, service was made on George W. Perkins. No service was ever made on Goettee.

The principal defendant Bailey appeared specially, and seasonably filed a motion to abate the writ, because the action was not brought in Lincoln county.

The American Bank were defaulted as trustees.

An affidavit, denying the indorsement of the note in suit, was duly filed, and notice thereof given to the plaintiff's counsel.

The declaration described the note to be for the amount of $3550,58, instead of $3504,58; and one of the payee's names as A. *G.* Lynn, instead of A. *J.* Lynn; which errors the plaintiff filed a written motion to amend, which was objected to by the defendants.

Plaintiff introduced *George W. Perkins,* as a witness, to prove the consideration of the note; but, as his testimony failed to disclose any defence to the note, it is needless to report it.

Plaintiff then called *A. G. Stinchfield,* who testified :— Note in suit was brought into my office, I can't say when, prior to commencement of the suit, however, and it is the same note upon which the writ is made. I have never had any other note growing out of the transaction in my office. Objected to.

The indorsement was put on by Mr. Lynn, in the name of Lynn & Perkins. When Perkins came home, the note and indorsement was exhibited to him, and he made no objection to the form of the indorsement, but expressed his satisfaction with the transaction.

*Cross-examined.* — I cannot use his language. It was at my office, or my door, that it was exhibited to him; can't say where. It was after he came home; he was in Hallowell when it was exhibited to him.

The case was thereupon withdrawn from the jury, and, by agreement, reported for the full Court; the Court, upon

so much of the evidence as is legally admissible, to draw such inferences as a jury might, and to render such judgment for the plaintiff or defendants as to law and justice shall appertain.

*A. G. Stinchfield,* for the plaintiff.

*J. M. Meserve,* for the defendant Bailey, argued :—

1. The action must be dismissed upon the motion filed by Bailey. The R. S., c. 86, § 5, provides that, if all the trustees live in one county, the action shall be brought *there.*

In this case all the trustees live in Lincoln county.

They are all so named in the writ, except there is the name of the "*American Bank.*" The American Bank is not a trustee. No legal service has ever been made upon it. A person is not made a trustee by merely having his name inserted in the writ. Such proceedings must be had as to bind the goods and effects of the principal in his hands, if there be any there, before he can be said to be a trustee.

The name of a person in Kennebec cannot be inserted in a writ, so as to give jurisdiction here, without a service of the writ upon him. The principal defendant has a right to know who are summoned, and what property of his is claimed to be held by the attachment.

No person is a trustee within the meaning of the statute, until the writ or precept of attachment has been served upon him. He is then the trustee, the garnishee of the principal defendant. Bouvier's Law Dictionary, "Garnishee," "Trustee," synonymous terms. See definition of "*Garnishee.*"

When the writ was served on this defendant Bailey, no service had been made on the American Bank. No valid service could be afterwards made upon the bank as trustees, unless the service was renewed upon Bailey. R. S., c. 86, § 6.

No further service was made on Bailey. There was no service on Goettee at any time.

A service upon the trustee is an attachment of the goods

and effects of the principal defendant, in his hands.  R. S., c. 86, § 4.

No service is effectual or valid that does not so bind such goods, provided there be any in the hands of the trustee.

No attachment of the defendant's goods can be made after the final service of the writ upon him.  R. S., c. 81, § 44. Therefore, a party cannot be legally summoned as a trustee after a final service upon the principal defendant; and, although his name may be in the writ, still, if not summoned, he is not the trustee of the principal defendant.

The American Bank not being the trustee of the defendants, it is the same as if its name was not inserted in the writ.

A subsequent service on Perkins is not sufficient.  Bailey was within the jurisdiction, as the officer's return shows, and must be served with process.  *Parker & al.* v. *Danforth & trustee,* 16 Mass., 302.

Chapter 81, § 24, is the only authority in this State for proceeding by a service on a part of the co-defendants, and that requires an order of notice by the Court.  It applies only when defendants are absent from the State when service is made.  The writ shows that Bailey was an inhabitant of Thomaston at that time, and the officer's return shows that he was within the State.

The fact that the American Bank made no appearance, but were defaulted, gives no jurisdiction to this Court.  The fact that they make no objection to the maintenance of the suit does not help the defect or cure the service.  Nor does it prevent the principal defendant from taking advantage of the want of jurisdiction.

The principal defendant, as well as a trustee, may abate a suit, if it is not brought in the right county.  *Scudder* v. *Davis,* 33 Maine, 575.

In that case, the trustees appeared and admitted in their disclosures an indebtedness to the principal defendants. They made no objection to the proceedings.  The principal defendant, however, filed his plea in abatement, and the

Court abated the writ, saying that, "as the action could not rightfully be *commenced* for this county, it cannot be *maintained* here."

The attempted service upon the American Bank, having been made after the service upon Bailey, the principal defendant, (who is in fact the only defendant, Perkins being the real plaintiff, and Goettee never having been summoned at all,) and no further service having been made upon Bailey, has no force or validity whatever. It does not bind the defendant's goods in the hands of the bank, if there were any, and does not make the bank the trustees of the principal defendant.

All the real trustees, therefore, reside in Lincoln county, and the statute is imperative that the action shall be brought there. Not having been brought there, it will be dismissed on motion. The defect is apparent on the face of the papers. *Jacobs & al.* v. *Mellen & trustee*, 14 Mass., 132.

The writ does not describe the note which is offered in suit. The two correspond neither in amount nor in the names of the payees. The writ sets out an entirely different cause of action from that attempted to be introduced in evidence.

The note has never been legally indorsed and transferred. A. J. Lynn and William Perkins were not partners in Sept., 1859. They are not allegèd as partners in the writ. The only proof that they were ever partners is the testimony of George W. Perkins that, in 1858, they were in partnership with himself, and that he retired from the firm in August, 1859, thus causing a dissolution.

There is no suggestion that there was ever any other partnership between Lynn and Perkins than that which embraced A. J. Lynn, William Perkins and George W. Perkins. The firm having been dissolved, no one of the partners could indorse and transfer the note.

The note is not made payable to a partnership, but to several persons not partners. In that case, the transfer can only be by a joint indorsement of all of them. Story on

Promissory Notes, § 125, p. 135; Edwards on Bills and Notes, 254.

The note shows upon its face that it was not payable to Lynn & Perkins, as partners. Neither of them could transfer the note by indorsement, without the indorsement of the other.

The indorsement relied upon does not purport to be the indorsement of either of the payees, nor the indorsement of each, but is in the form of a co-partnership indorsement, made by a member of a firm. It is wholly inoperative to transfer any title to the note to a third party. It is not, in fact, an indorsement, but is what has often been decided in our Courts to be the signature of co-promisors. There was no firm of Lynn & Perkins, composed of the two payees of the note; no allegation of such firm in the writ; no proof of any in the evidence. There is no suggestion, even, that there was ever any co-partnership of any body, under that firm name. If there be any such parties to the note at all, they are promisors and not indorsers.

The opinion of the Court was drawn by

APPLETON, C. J. — The note in suit is payable to the order of A. J. Lynn and W. Perkins, and is indorsed "Lynn & Perkins." At the date of the note, there was no such firm as Lynn & Perkins.

The proof is clear that Lynn had authority from Perkins to transfer the note, and, after its indorsement by Lynn, in the name of Lynn & Perkins, that Perkins sanctioned and approved such indorsement.

The authority to indorse may be by parol, and the agent may transfer the title by signing the name of his principal, to whom the note is payable. It need not appear that the signature was placed there by an agent. *Morse* v. *Green*, 13 N. H., 32; *Shaw* v. *Emery*, 38 Maine, 484.

The payee of a note may transfer it by indorsement in pencil. *Clossen* v. *Stearns*, 4 Vt., 11. The initials of the holder of a bank check indorsed thereon, are enough to

Cooper *v.* Bailey.

charge him as indorser. The *Merchants' Bank* v. *Spicer*, 6 Wend., 443. "A person," remarks NELSON, C. J., in *Brown* v. *Butchers' Bank*, 6 Hill, 443, "may become bound by any mark or designation, he thinks proper to adopt, provided it is used as a substitute for his name, and he intends to bind himself." When a note, payable to A or order, was indorsed by him, with intent to negotiate it, in the partnership name of A & Co., a firm composed of A & B and then subsisting, it was held that such indorsement transferred the note to the indorsee. *Finch* v *Deforest*, 16 Conn., 445.

As an indorsement with the initials of the indorser is sufficient, so one with the surname of the payee must be deemed valid. If the note had been payable to Lynn, he might have passed the title by indorsing his surname only. As he could thus transfer a note by the indorsement of his own surname, so, by a similar indorsement, he could transfer the interest of Perkins, more especially when the indorsement thus made was adopted and approved by him.

In *Lowell* v. *Reading*, 9 Maine, 85, cited by the counsel for the defendant, the authority to indorse was revoked before the act of indorsement.

It appears that the American Bank, one of the trustees, had its place of business in Kennebec county. It does not appear that the name of this trustee was inserted after service on the principal debtors. The action may therefore be brought in the county of Kennebec, or of Lincoln, where the other parties resided, at the option of the plaintiff. R. S., 1857, c. 86, §§ 5, 6.

The evidence fails to disclose any defence to the suit. It is immaterial, therefore, to the defendants, in whose name it is brought. *Defendants defaulted*.

CUTTING, DAVIS, KENT and BARROWS, JJ., concurred.