## Myers *et al. versus* Vanderbelt *et al.*

A will written and signed with lead pencil is "in writing" within the meaning of the Act of the 8th of April 1833, and is a valid will.

June 7th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Lycoming county :* Of May Term 1877, No. 23.

This was a feigned issue to try the validity of the will of William R. Vanderbelt, deceased, wherein Barbara J. Vanderbelt, his widow, and others were plaintiffs, and Thomas Myers and wife and others defendants.   The contestants were the sisters of the deceased.   William R. Vanderbelt died at the age of fifty-six, on the 31st of December 1873, leaving a will dated the 9th of January 1872.   He left a widow but no children.   His will, which was duly probated, was written and signed in pencil.   There were no subscribing witnesses.   It was in all respects properly drawn.

The evidence at the trial disclosed the following facts :—

That on the day of the date of the will the testator was in company with J. A. Borman and wife, Albert Eschenbach and D. S. Andrus, in a music store in Williamsport.   Andrus had been reading a Sunday School paper in which he had found the form of a will. A conversation occurred about the propriety of every person making a will, and acting upon a suggestion made, wills were prepared, by the several persons present, after the form found in the paper.   The

[Myers *v.* Vanderbelt.]

wills of the others were written in ink and had subscribing witnesses and all were written upon sheets of note paper. That of Mr. Vanderbelt was written in pencil, part by Mr. Andrus and the rest by Mr. Vanderbelt, and there were also a number of interlineations in pencil. Mr. Vanderbelt did not sign the instrument at the time, but subsequently signed it in pencil also and his signature was proven. Upon his return to his house on the day the will was made, he related to his wife what had taken place at the store and gave her the will to read, expressing the hope that she was satisfied. When he was taken sick he informed his wife that his will was in his coat pocket and desired her to have the coat carefully laid away. This was done and after his death the will was found in the side pocket of his coat where he was accustomed to carry his valuable papers.

It was not disputed that the will was deliberately made, and that the disposition of his estate made by the testator was in accord with his declared intentions, and the only question really involved was whether the will thus written and signed in pencil was valid.

At the trial the plaintiffs offered the will in evidence to which the defendants objected, 1. Because the whole paper writing offered is written in pencil; 2. Because it is not a writing within the meaning of the Act of April 1833; 3. Because the paper upon its face shows that it was a mere memorandum for a will and was not intended as a last will and testament, and the testimony of plaintiffs' witnesses confirms this objection.

Evidence admitted and bill sealed for defendants.

The first point of defendants was : That the paper given in evidence by the plaintiffs, purporting to be the last will of William R. Vanderbelt, being written entirely with lead pencil, and being signed and dated with lead pencil, is void as a testamentary disposition of property, and the verdict should be for the defendants.

The court answered : " We decline to give you that instruction."

The third point was : That under all the evidence in the case, the verdict should be for the defendants.

The court answered : " That we think, involves a question of fact that we propose to submit to you ; and we, therefore decline to say peremptorily to you that the verdict should be for the defendants, and we decline to say peremptorily that your verdict should be for the plaintiffs ; because that would be ruling the case and taking it out of your hands entirely. We think there are questions of fact proper to be submitted to you for your consideration, and your verdict should depend upon how you find those facts to be."

The verdict was for plaintiffs, and the defendants took this writ, assigning for error the admission of the will in evidence, and the answers to defendants' points.

*Henry C. Parsons* and *J. O. Parker*, for plaintiffs in error.—

The very object of the statute of 1833 was to secure permanency and certainty. Wills transmit personal and real property. They are links in the chain of title to real estate ; their provisions are important, not only to the objects of a testator's bounty, but to society at large. Whatever tends to weaken them—whatever opens the door to alterations or to erasures, or renders them susceptible of fraudulent change, should be carefully guarded against.

Is writing with a lead pencil as safe as writing with ink ? Are documents intended to be permanent, or intended to transmit titles, usually written in anything but ink ? The common judgment of mankind is an excellent criterion. Deeds, leases, and all similar instruments are usually written in ink, and universal experience is against the fitness of lead pencil for writings of a permanent character.

The fatal facility with which lead pencil marks can be altered or erased, and the impossibility of detection, renders a will written with a pencil open to every objection. The dictum of WILLIAMS, J., in Patteson *v.* English, 21 P. F. Smith 460, forcibly illustrates this view.

It is true it has been held that receipts and promissory notes signed with lead pencil are good, but these are not the creatures of statutes as wills are, they do not pass title to real estate, are but temporary in their character and even the decisions holding them to be good are greatly regretted.

*Armstrong & Linn*, for defendants in error.— *Writing* is not confined to the ordinary and popular signification of the term— the formation of letters by *pen* and *ink*. The mode or manner of impressing the letters is no part of the substance or definition of writing : Kent, Ch., 14 Johns. 491. The law has gone so far as to prescribe the material *upon which* the writing is to be made, and hence a deed is required to be written on *paper* or *parchment*, and not on wood or stone. But the instrument, or the material *by which* letters are to be impressed on paper or parchment, has never yet been defined. " Writing with a *lead pencil* has been held sufficient in many cases :" 2 Burrill's Law Dict. 630. And to the same effect are the remarks of Chancellor Kent in Clason *v.* Bailey, 14 Johns. 490. See also Merritt *v.* Clason, 12 Johns. 102 ; Geray *v.* Physick, 5 B. & C. 234 (11 E. C. L. R. 443), where it is held that a signature in pencil is sufficient to satisfy the requirements of the Statute of Frauds and Perjuries. In Chit. on Cont. 91, it is said that " it seems that, even where writing is necessary, it may be made in pencil, and that ink is not essential." Byles on Bills · 134, is to the same effect. In 1 Redf. on Wills 165–6, the author says : " The English Statute of Frauds expressly required that a will of lands should be in writing. But it has been held that a will written in pencil instead of ink would be good." The observ-

ations of Justice COULTER, in Hill v. Scott, 2 Jones 169, are also to the point.

Adepts in counterfeiting have discovered means for erasing ink marks so effectually as to baffle the skill of experts, and lead pencils are manufactured in modern times which make a mark almost as indelible as though made with ink.

The construction contended for might totally defeat the ability of a man to make a will when suddenly taken ill.

Mr. Justice MERCUR delivered the opinion of the court, October 1st 1877.

This case presents the single question, whether an instrument wholly written and signed with lead pencil, may be a valid will ?

The sixth section of the Act of Assembly of 8th April 1833 declares " every will shall be in writing." It does not indicate the material on which it shall be written, nor the instrument or materials with which the writing shall be impressed. In Blackstone's Com., Book.II., p. 297, it is said " a deed must be written or I presume printed, for it may be in any character or any language ; but it must be upon paper or parchment. For if it be written on stone, board, linen, leather or the like, it is no deed." This writer does not prescribe whether the writing shall be in ink or in pencil. He stops with declaring the substances on which it shall be made.

Writing is the expression of ideas by visible letters. It may be on paper, wood, stone or other material. The ten commandments were written with the finger of God on tables of stone : Exod. xxxi. 18. The general rule undoubtedly is, that whenever a statute or usage requires a writing, it must be made on paper or parchment ; but it is not essentially necessary that it be in ink. It may be in pencil. This view is sustained by numerous authorities, as applied to contracts generally : Chitty on Cont. 91 ; Jeffery v. Walton, 2 E. C. L. R. 385 ; Gray v. Physic, 11 Id. 443 ; Merritt v. Clason, 12 Johns. 102 ; Clason v. Bailey, 14 Id. 490.

The same rule applies to promissory notes : Byles on Bills 134 ; Story on Prom. Notes, § 11 ; Gray v. Physic, supra ; Closson v. Stearns, 4 Vt. 11 ; Partridge v. Davis, 20 Id. 499 ; Brown v. Butchers' & Drovers' Bank, 6 Hill 443.

So a book account made in pencil, was held admissible in evidence as a book of original entries : Hill v. Scott, 2 Jones 169. In 1 Redfield on Wills, § 17, pl. 2, it is said " the English Statute of Frauds expressly required that a will of lands should be in writing. But it has been held that a will written in pencil instead of ink, would be good," citing In re Dyer, 1 Hag. Ec. 219. That a will written in pencil may be valid was also ruled in Raymes v. Clarkson, 1 Phil. Ecc. 22 ; Dickenson v. Dickenson, 2 Id. 173.

In Main et al. v. Ryder, ante, 217, speaking of the signature of a testator it was said, the manifest object of the act is to permit a

[Myers *v.* Vanderbelt.]

will to be signed as any other written instrument may be signed. So we think the authorities establish that a valid will may be drawn with the same materials that will suffice for the drawing of any written contract. As was well said by Mr. Justice COULTER in Hill *v.* Scott, *supra*, they abundantly prove that a writing in pencil is equivalent and tantamount to a writing in ink.

The validity of a will written or signed with a lead pencil was referred to, but left undecided, in Patterson *v.* English, 21 P. F. Smith 459, but the opinion by Mr. Justice WILLIAMS contains a strong declaration against the propriety of writing or signing in that manner. The reason given against it, is the facility with which the writing may be altered or effaced. There is force in this suggestion. No prudent scrivener will write a will in pencil, unless under extreme circumstances. Whenever written, any appearance of alteration should be carefully scrutinized. Yet inasmuch as the statute is silent on the question, we cannot say the mere fact that it is written or signed in pencil, thereby makes it invalid. It is nevertheless a writing, known and acknowledged as such by the authorities, and fulfils the requirement of the statute.

Judgment affirmed.