# McCort's Appeal.

1. Any person interested to contest the validity of a will of realty is a person interested to contest the probate thereof, within the meaning of the Act of April 22d 1856, P. L. 533.

2. Such person has, under the provisions of said act, five years from the time of probate to contest the validity thereof, and may, therefore, up to the expiration of that time, appeal from the decision of the register admitting the will to probate.

3. Wilson v. Gaston, 11 Norris 207, followed.

May 5th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from a decree of the Orphans' Court of *Lancaster county:* Of May Term 1881, No. 112.

2 OUTERBRIDGE—3

The facts of this case were as follows : Daniel McCort, a resident of Lancaster, died November 16th 1875, from the effect of a stroke of paralysis. On the same day, a few hours before his death,. he executed his last will and testament, signed by a mark, in the presence of subscribing witnesses, whereby he devised and bequeathed to his wife, Ann McCort, all his property, real, personal, and mixed, and appointed his friend, Father Anthony F. Kaul, sole executor. This will was admitted to probate by the Register of ·Wills, November 26th 1875, and letters testamentary were granted to the said executor.

On November 13th 1880, nearly five years after the date of probate, Hugh McCort, a brother of the decedent, residing in Ireland, acting by his attorney in fact, Francis Quinn, filed an appeal from the decision of the register admitting the said will to probate, on the alleged ground that at the time of the execution thereof the testator was without testamentary capacity, by reason of paralysis. It was averred in the appeal that the testator died without leaving to survive him father, mother, widow, issue, sister or brother, except the appellant, who as only brother was the only person interested in the estate.

The executor filed an answer, averring, *inter alia,* that the testator at the time of making his will was competent, mentally and physically, to make a will ; and praying that the appeal should be stricken off the record, on the ground that no caveat had been filed, and the appeal had not been taken until more than three years after the probate of the will.

The court granted a rule to show cause why the appeal should not be stricken off, and, on December 11th 1880, after argument, made the rule absolute, on the ground that the appeal was not taken in time. Hugh McCort thereupon took this appeal, assigning for error the order of the court striking off the appeal.

*M. Brosius,* for the appellant.—Our appeal is taken under the provisions of the Act of April 22nd 1856 (P. L. 533) the 7th section of which provides as follows : " The probate by the register of the proper county of any will devising real estate shall be conclusive as to such realty, unless, *within five years* from the date of such probate, those interested to controvert it shall, by caveat, and action at law duly pursued, contest the validity of such will as to such realty."

This act relates only to real estate, and we do not seek to affect the personalty, which has all been disposed of under the will. The act extends the former limitation for an appeal from three years, under the Act of March 15th 1832, § 31 (Purd. Dig. 1255, pl. 19), to five years, and an appeal any time within

that period is in time.    The Act of 1856 is obscurely drawn, and prior to the recent decision of this court in Wilson *v.* Gaston, decided January 5th 1881 (11 Norris 207), its construction was the subject of much discussion among the profession; but that decision has settled the construction of the act, and it also settles this case.

*George Nauman,* for the appellee.—The Act of 1856 is simply a statute of limitation, limiting the time within which the probate of a will can be appealed from, as respects realty, to five years, after which the probate is conclusive.    It does not repeal the Act of 1832, which made a decree of probate conclusive as to personalty, if unappealed from, for three years.    Prior to the Act of 1856 a party desiring to contest a will as to realty could do so by an action of ejectment within an indefinite time, or until barred by the common law presumption.    The Act of 1856 was passed to remedy this mischief, by compelling a contestant to bring his " action at law " within five years: Kenyon *v.* Stewart, 8 Wright 179, at p. 189.    Its title is, " An Act for the greater certainty of title and more secure enjoyment of real estate."    It expressly applies only to real estate, and yet if an appeal can be taken after three years and within five years, and the will fails upon an issue *devisavit vel non,* it must fail as to both realty and personalty.    As to realty, probate of a will is *prima facie* evidence, and the burden of proof is on the contestants; but the appellant's contention would change this principle, because, on an appeal and an issue *devisavit vel non,* the proceedings are *de novo.*    The Act of 1856 provides that probate shall be conclusive unless within five years " those interested to controvert it shall by *caveat* and *action at law* " contest its validity.    This does not give an *appeal,* as under the Act of 1832, but relates to the former method of contesting by action of ejectment, trespass, etc.    This court said, in Kenyon *v.* Stewart (supra), " The word *caveat* is inaccurately used here. . . . It always precedes the act, and is never heard of as a means of undoing what has been already done; but the other words, " action at law," are sensible, and mean an ejectment, as in this case, or any proceeding where the issue is *devisavit vel non.*"

But if the act gave an appeal, who may contest? The act says, " those interested."    All should join; otherwise you must either give every party interested a separate right of appeal, no matter how numerous, or else the rights of all may be concluded by the appeal of one.

The case of Wilson *v.* Gaston, relied on by the other side, is not in conflict with our view; it merely decides that where an appeal was taken within three years after probate, and.

an issue was refused, and the refusal was affirmed by the Supreme Court, the appellant could not afterwards maintain ejectment.   The Act of 1856 may and should be construed *in pari materia* with that of 1832, and in harmony with the common law, giving it effect as a statute of limitation and making no other change than requiring contestants as to realty to bring their ejectment within five years, or the probate will be conclusive.

*H. M. North,* in reply.—There is no more difficulty on the question of the effect on personalty of an appeal after three years than of an ejectment after three years, under the old law. A verdict against the will in an issue *devisavit vel non* on an appeal will not affect personalty any more than would a verdict against the will in an ejectment.   The distinction between an appeal and an ejectment was not pressed in the court below; the only ground on which the decision rested was that we were not in time; and that question is settled in our favor by Wilson *v.* Gaston, which also decides that an issue *devisavit vel non* is an "action at law" within the meaning of the act.

Mr. Justice GORDON delivered the opinion of the court June 13th 1881.

The will of Daniel McCort relates to and disposes of his real as well as his personal property, and, so far as it does relate to realty, it is subject to the provisions of the Act of the 22nd of April, 1856.   Hence, the court erred in striking off the appeal from the register's sentence, or decree, entered by the appellant on the 13th of November 1880.

The act referred to makes the decree of the register before whom probate of any will, devising real estate, is made, "conclusive as to such realty, unless within five years from the date of such probate, *those interested to contest it* shall, by *caveat and action at law,* duly pursued, contest the validity of such will, as to such realty."   Three things herein stated require our notice: 1. The judicial and conclusive character of the register's decree; 2. The fact that five years is given within which to controvert such decree and contest the validity of such will; 3. That the act is limited to a devise of realty, hence it in no way affects the probate of a will so far as it concerns personal property; as to it the limitation as found in the Act of 1832 continues to apply.

Now, as we endeavored to show in the case of Wilson *v.* Gaston, 11 Norris, 207, in order to harmonize this incongruous statute with itself, and give it the force obviously intended by the legislature, we are obliged to construe the words " *caveat*

[Burkholder v. Markley.]

and action at law," as the beginning and ending of the process by which the register's decree is to be controverted. Without an interpretation such as this we make the statute one of limitation only; we refuse to the sentence of the register the force of a judicial decree; we must strike out the word caveat as meaningless, repudiate the idea of a controversy involving the sentence of probate, and limit the contest to any action at law which may involve the issue of devisavit vel non. Yet it is obvious that the framer of the act had all the while in his mind a contest over the validity of the probate, for such probate shall be conclusive unless "those interested to controvert it" shall, by caveat, etc., contest the validity of such will. From this, it would seem clear, that the right to contest. the will is limited to those who may be interested to controvert the probate. This, however, can have force only on the hypothesis that the will, after probate, cannot be attacked except by a contest over the decree admitting it to proof. We can, indeed, readily imagine a case, as that of a purchaser after such decree, who may have no interest whatever in the probate, and is yet interested to contest the will. How, then, is all this to be harmonized and reconciled? Certainly only by the construction recognized in Wilson v. Gaston—that is, by making all persons who may, within the five years, happen to be, or to become, interested in the will, interested also in the probate. In this way no right, unless perchance it be one purely technical, is taken from any person, and, at the same time, the provisions of a valuable statute are saved.

We conclude, therefore, that under the Act of 1856, though it might be different did the Act of 1874 apply to this case, the appeal of the appellant, being within five years from the date of the probate, was in time, and the court ought not to have stricken it off.

> The decree of the Orphans' Court is now reversed at the costs of the appellee; the appeal of the appellant reinstated, and a procedendo awarded.