## J. B. McCAY, JR., ET AL., v. T. J. CLAYTON, ET AL.

| 119 | 133 |
| 123 | 552 |
| 119 | 133 |
| 217 | $^2$428 |
| 33 SC | $^2$573 |

ERROR TO THE COURT OF COMMON PLEAS OF DELAWARE COUNTY.

Argued February 8, 1888—Decided March 5, 1888.

1. Under § 7, act of April 22, 1856, P. L. 533, the decree of the register, refusing to admit a testamentary paper to probate as a last will and testament, is conclusive in a collateral proceeding.

2. On an issue devisavit vel non, the verdict and judgment were against the validity of a will devising land to two children for life, with a contingent remainder to their children as yet unborn. The other heirs at law then brought ejectment to recover from the devisees for life in possession: *Held,* that the judgment on the issue was conclusive, not only against the defendants, but against the yet unborn remaindermen.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 65 January Term 1888, Sup. Ct.; court below, No. 94 June Term 1887, C. P.

On May 11, 1887, an action of ejectment was brought by Thomas J. Clayton, and Sarah J., his wife, in right of said wife, William McCay and George L. McCay, against John B. McCay, Jr., and Emma McCay, to recover the undivided three fifths of certain lands late of the estate of John B. McCay, deceased.

At the trial on June 23, 1887, before FUTHEY, P. J., of the 15th district, holding special term :

It was admitted that both parties claimed title from John B. McCay, deceased, who died seized of the lands in dispute on February 23, 1885, leaving as his heirs at law the several parties plaintiffs and defendants ; that the plaintiffs claim as three of said heirs at law and the defendants held the entire possession of said lands.

The defendants then put in evidence the will of John B. McCay, deceased, dated February 7, 1885, in which will the testator devised to his daughter, Emma McCay, a tract of 131 acres, more or less, part of the land in dispute, during her natural life, . . . . . "and at the decease of my said daughter, Emma McCay, I give and bequeath the said premises, bequeathed to her for life; to her children that she may then have, share and share alike, and if any of her children should die before their mother, leaving issue, such issue to take the share that his, her or their parent would take if living." The said will contained a devise for life of other lands, also forming part of the lands in dispute, to the testator's son, John B. McCay, with a devise over at his death in provisions like to those in the foregoing devise. John B. and Emma McCay were unmarried and without issue.

The plaintiffs then showed that upon the death of John B. McCay, deceased, William and George L., two of his sons, had filed with the register a caveat against the probate of said testamentary paper; that after hearing before the register, the paper was admitted to probate, and on appeal by the contestants to the Orphans' Court, an issue devisavit vel non was

directed to the Court of Common Pleas, in which issue all the parties in interest and in being were made parties; that, this issue coming on to be tried, there was a verdict in favor of the contestants, whereupon, return having been made to the precept. to the Court of Common Pleas, the Orphans' Court, on June 7, 1887, entered an order directing that the said appeal be sustained and that the admission to probate of the said testamentary paper by the register be annulled, set aside and reversed, and that the order be certified to the register and be entered upon his record of the proceedings.

After evidence of the foregoing facts, the plaintiff presented certain points which with their answers were as follows:

1. The probate of the will by the register was a judicial act, and the reversal of his decree by the Orphans' Court, after appeal and proceedings on an issue devisavit vel non, is as conclusive as to the validity of said will as said decree would have been if the said contest had resulted in favor of the validity of said will.

Answer: That point is affirmed.

2. The will of John B. McCay having been set aside by a verdict in a proceeding devisavit vel non and judgment entered thereon, it is conclusive, so far as this action is concerned.

Answer: That point is affirmed.[1]

3. Under the evidence the verdict should be for the plaintiffs for three undivided fifths of the lands in controversy.

Answer: That point is affirmed.[2]

So answering the plaintiffs' points, the court instructed the jury that the plaintiffs were entitled to recover and that the verdict would be in favor of the plaintiffs for three fifths of the lands in controversy.

The jury returned a verdict for the plaintiffs. A rule for a new trial having been discharged, judgment was entered upon the verdict, when the defendants took this writ, assigning that the court erred:

1. In affirming the plaintiffs' second point.[1]

2. In affirming the plaintiffs' third point.[2]

3. In not moulding the verdict so as to protect the contingent interests of any unborn children of the defendant.

*Mr. H. C. Howard*, for the plaintiffs in error:

1. Prior to § 7, act of April 22, 1856, P. L. 533, the judgment of the Register's Court, now the Orphans' Court, against the validity of a will, after a caveat filed and a trial on an issue in the Common Pleas, was not conclusive; and, in an action of ejectment the plaintiff was not permitted to recover on his title as heir upon showing that a will under which the defendant claimed had been set aside: Smith v. Bonsall, 5 R. 80; Lewis v. Pratt, 2 Wh. 81. In Rowland v. Evans, 6 Pa. 435, the same ruling was adhered to, where the will had been admitted to probate.

2. Until 1880, the act of 1856 was looked upon as but an act of limitation, not altering the law in the respect referred to; but, since Wilson v. Gaston, 92 Pa. 207; Cochran v. Young, 104 Pa. 333; Broe v. Boyle, 108 Pa. 76, it may now be regarded as settled that the admission to probate of a will is conclusive unless contested within five years, and that the validity of a testamentary paper can be attacked only by a proceeding through the Orphans' Court. These cases, however, go no further than this. They do not decide that where a will is contested and set aside on an issue devisavit vel non, the final decree in such issue is conclusive evidence of the invalidity of the instrument. Therefore, until Smith v. Bonsall and Lewis v. Pratt are overruled, the law as to the conclusiveness of a verdict against a will stands as therein declared.

3. By the will under which the defendants claim, they have but a life estate. There are contingent remainders to any children they may have. The court should have protected these remaindermen, and no recovery should be or can be allowed against the life-tenant which would defeat the rights of the unborn children. Warfield v. Fox, 53 Pa. 382, decided that the act of 1856 makes the probate of a will conclusive upon all persons whether under disability or not, unless contested within five years. To sustain the verdict in this case, it must be held, not only that the judgment on the issue was conclusive as to all parties in being, but, further, that it was final and conclusive as to persons not in being so as effectually to destroy their contingent remainders. This would be a broad construction of an act which it is very doubtful whether it was intended to be more than a mere act of limitation.

Arguments.

*Mr. Isaac Johnson* (with him *Mr. V. Gilpin Robinson*), for the defendants in error:

1. The probate of a will by the register is a judicial decree which cannot be impeached collaterally in an ejectment: Wilson v. Gaston, 92 Pa. 207; McCort's App. 98 Pa. 33; Cochran v. Young, 104 Pa. 333; Broe v. Boyle, 108 Pa. 76. The probate of a will is "the process of determining its validity." The decree made is the thing that is conclusive. Although we have not found a case in which, where the will was refused probate by the register or set aside on the trial of an issue, the decree was held conclusive, yet in Spangler v. Rambler, 4 S. & R. 192, after a verdict in such an issue, on an appeal by either party, the Register's Court were to take the fact as settled, as to personal estate; and, that the purpose of the act of 1856 was to give the decree of the register the same effect as to real estate as prior thereto former acts had given it as to personal estate, is established by Wilson v. Gaston, supra, and the cases following it. If this were not plainly the purpose of the legislature, the ordinary rule of construction of remedial statues would require such construction: Big Black Creek Imp. Co. v. Commonwealth, 94 Pa. 455; Orndoff v. Turman, 2 Leigh 200 (21 Amer. D. 608).

2. The principle of representation upon which the contingent interests of the children of the life tenants are concluded by the verdict and judgment is, that all persons having an interest in real property are represented by those taking the first estate therein: Calvert on Parties, 28; Finch v. Finch, 2 Ves. Sr. 492; Pelham v. Gregory, 1 Eden 520; Gefford v. Hort, 1 Sch. & Lef. 409; Leonard v. Sussex, 2 Vern. 527; Faulkner v. Davis, 18 Gratt. 684; Baylor v. DeJarnette, 13 Gratt. 152; Redmond v. Collins, 4 Dev. 430 (27 Amer. D. 208); Schultz v. Schultz, 10 Gratt. 682; Wills v. Spraggins, 3 Gratt. 355; Holliday v. Ward, 19 Pa. 485; Whitaker's Will, 13 Phila. 22.

3. All persons, femes covert, infants, those non compos mentis, and those not in being, are equally bound by the act of 1856; there are no exceptions. A saving for disabilities from the operation of statutes must be expressed or it does not exist; Warfield v. Fox, 53 Pa. 385; Mobley v. Oeker, 3 Y. 202; Beckford v. Wade, 17 Ves. 94; Folman's App., 68 Pa. 482.

4. Besides and without the act of 1856, no contingent re-

mainder can exist without a particular estate to support it. It may be destroyed by any occurrence which brings to an end the particular estate before the happening of the contingency on which it is to vest: Poor v. Considine, 6 Wall. 458; Lyle v. Richards, 9 S. & R. 362.

OPINION, MR. JUSTICE PAXSON:

It was decided in Wilson v. Gaston, 92 Pa. 207, that the probate of a will by the register is a judicial decree which cannot be impeached collaterally in an action of ejectment brought in the right of the heir-at-law to recover real estate devised by said will. This case was followed by McCort's Appeal, 98 Pa. 33; Cochran v. Young, 104 Pa. 333; Broe v. Boyle, 108 Pa. 76, and must be considered as having settled the proper construction of the act of 1856. It follows that the probate of a will is now as conclusive upon the title to real estate, as it had been under the act of 1832, in regard to personal estate.

All this was conceded by the appellants. They contend, however, that where an appeal has been taken to the decision of the register admitting a will to probate, a verdict against the will in an issue devisavit vel non, and a reversal of the register's decree by the Orphans' Court, such proceeding is not conclusive under the act of 1856, and that the devisee under such will may still set it up to defeat the heir-at-law in an action of ejectment; or, to state it tersely, the decree of the register admitting a will to probate is conclusive, while his decree refusing probate is not so. We find no warrant for this proposition in the act of 1856. If it were capable of such construction it should be amended, for, to enact that a judicial decree is conclusive only when the judge decides in a particular way, would be an innovation of a serious character.

The probate of a will is a proceeding to establish its validity. A will can now only be contested in the manner prescribed by the act of April 22, 1856, that is, "by caveat and action at law duly pursued" within five years from the date of probate. This restricts the contestant to proceedings in the register's office and an issue devisavit vel non directed by the Orphans' Court. And there cannot be a doubt that when the result of such proceeding is against the validity of a will, it is as conclusive upon the real estate as it is upon the personal

estate. In Smith v. Bonsall, 5 R. 80, it was said by Mr. Justice KENNEDY: "In the cases referred to, in which it has been held or said, that the probate of a will respecting lands, taken before the Register or the Register's Court, was not conclusive, certainly no distinction was taken between the effect of a decision approving the will and one condemning it. But in Spangler v. Rambler, 4 S. & R. 193, the late Chief Justice in what he says evidently had reference to a decision as well against as for the will."

The plaintiffs in error further contended that if this judgment is allowed to stand, the interests of those in remainder ought in some way to be protected. There are devisees for life under the alleged will of John B. McCay, with remainder to their unborn children. John and Emma, plaintiffs in error and the life tenants, are unmarried and without issue. The remainder is contingent upon their marriage and leaving issue surviving them. Such a remainder can only exist where it has a particular estate to support it. With the destruction of the particular estate the contingent remainder necessarily falls. It would be as easy to support a house by its roof as to support a contingent remainder without a particular estate. We need go no further than Blackstone for this. He says, and every student at law will remember it: "It is a well settled principle of law, that no contingent remainder can exist without a particular estate to support it." The umbilical cord from which a contingent remainder draws its feeble life is very slight, and when this is taken away it drops into the grave. Something like this was said in Lyle v. Richards, 9 S. & R. 322.

Judgment affirmed.