## Smith, Appellant, *v.* Beales.

*Wills—Probate—Will made in extremity of last illness—Act of April 8, 1833, P. L. 249.*

Where a person in the extremity of his last illness requests another to write his will, and this is done in the presence of two witnesses, and the writing is read over to the decedent, and approved by him, but before he is able to sign it, he becomes unconscious and dies, the writing may be probated as a will on the testimony of the two witnesses who were present when it was written.

The fact that a will was written by pencil instead of pen, does not affect its validity.

A will admitted to probate in 1883, and passing real estate, cannot be challenged in an action of ejectment instituted in 1905.

Argued March 11, 1907. Appeal, No. 7, March T., 1907, by plaintiff, from judgment of C. P. Adams Co., Aug. T., 1905, No. 174, on verdict for defendants in case of John Smith et al. v. Cyrus G. Beales et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Ejectment for land in the Borough of York Springs.

The opinion of the Superior Court states the case.

The court gave binding instructions for defendant.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendants.

*J. L. Butt* and *J. L. Williams*, for appellants, cited: Wiley's Estate, 187 Pa. 82; Wall v. Wall, 123 Pa. 545; Cowden v. Pleasants, 9 Pa. 59.

*W. C. Sheely*, for appellee.—The proof was sufficient: Aurand v. Wilt, 9 Pa. 54; Wall v. Wall, 123 Pa. 545.

A will probated and not appealed from within five years is conclusive upon all parties, whether infants, femes covert, or persons non compos mentis: Cochran v. Young, 104 Pa. 333; Broe v. Boyle, 108 Pa. 76; McCay v. Clayton, 119 Pa. 133; Wall v. Wall, 123 Pa. 545.

A will written in lead pencil is as valid as one written in ink: Myers v. Vanderbelt, 84 Pa. 510; Fuguet's Will, 11 Phila. 75.

OPINION BY ORLADY, J., May 13, 1907:

Thomas D. Reed died on May 10, 1883.   It is undisputed that the facts contained in the writing and affidavit through which the will of the decedent was admitted to probate are strictly true.   They are as follows : " County of Adams, ss. : Before me the subscriber, register of wills in and for the county aforesaid, personally came Cyrus G. Beales, Boreas F. Reed and Jacob T. Myers, all of the borough of York Springs, Adams county, Penna., who being severally sworn do depose and say that they have been long and intimately acquainted with Thomas D. Reed, the above named testator of York Springs, Adams county.   That on the morning of May 10, 1883, about eight o'clock, Thomas D. Reed being in the extremity of his last illness, requested Cyrus G. Beales to write his will in the presence of said Boreas F. Reed and Jacob T. Myers, as the witnesses thereto, whom he requested for that purpose ; that said Cyrus G. Beales got paper and pencil and wrote down the foregoing as the will of said Thomas D. Reed, as he dictated it just as it is therein written ; that after it was thus written it was read by Cyrus G. Beales to said Thomas D. Reed, and he was asked whether that was what he wanted, and he said yes ; and while it was being prepared for signing by said Thomas D. Reed he became unconscious and in a dying condition, wholly insensible, and died in less than half an hour. That he was prevented by the extremity of his last illness and dying condition from signing the same or giving directions that the same should be signed for him ; that at the time of dictating his will as aforesaid, and afterwards when the same was read to him and he answered that that was right, it was what he wanted, the said Thomas D. Reed was of sound and disposing mind, memory and understanding, and knew all about the disposition of his property which he had made,   That when the will was ready he was not only incapable of signing the will but also of directing it to be done by another for him ; that this will was made in his own dwelling house where he had resided for many years immediately preceding his death.

That his death occurred yesterday morning, May 10, 1883, about nine o'clock. That the dictation of the foregoing will and the reducing of it to writing, and the reading of it to Thomas D. Reed and his answer that it was all right, it was what he wanted, was all in the presence of the undersigned, Boreas F. Reed and Jacob T. Myers, as witnesses, and that said testator was then fully conscious of what he was doing, but suddenly became insensible and in a dying condition, and wholly incapable of signing it or directing it to be signed.

> " CYRUS G. BEALES,
> " BOREAS F. REED,
> " JACOB T. MYERS.

" Sworn and subscribed to the truth of the foregoing probate and affidavit before me this 11th day of May, A. D. 1883.

> " JERE SALYBAUGH, Register."

Upon these the will was admitted to probate, and letters were granted to Boreas W. Zeigler and Cyrus G. Beales.

The sixth section of the Act of April 8, 1833, P. L. 249, specifically provides for just such a contingency as is set forth in this affidavit. It is as follows : " Every will shall be in writing, and, unless the person making the same shall be prevented by the extremity of his last sickness, shall be signed by him at the end thereof, or by some person in his presence, and by his express direction ; and in all cases shall be proved by the oaths or affirmations of two or more competent witnesses, otherwise such will shall be of no effect." A writing that does not meet these requirements is not a will, and the register cannot make a will out of it, but if it conforms to the requirements of the statute it is as valid and effective as if signed in the ordinary way. An analysis of the facts clearly shows that the decedent was in the extremity of his last illness ; that he requested Boreas F. Reed and Jacob T. Myers to be witnesses to his last will which he requested to be written by Cyrus G. Beales ; that the will was actually written down in form and terms as submitted to the register at his dictation, and after being so written was read by the scrivener to the decedent, when inquiry was then made if it was as he desired it to be, to which he replied that it was. The instrument was at that moment a completed last will and testament, save only that it

was not signed by Thomas D. Reed.   While the writing was
being manually arranged for his signature he suddenly became
unconscious, and died in less than half an hour thereafter, and
by reason of the extremity of his last illness and dying condi-
tion he was prevented from signing his will, or giving direc-
tions that it should be signed for him.   The affidavit for pro-
bate of the will was presented to the register the following day,
and by the three persons, the scrivener and the two witnesses
suggested by the decedent.   Not only was the opportunity given
to have the will read and explained to him, but this was ac-
tually done, and the judicial conclusion of the register in ad-
mitting the will for probate was clearly within the cases of
Aurand v. Wilt, 9 Pa. 54, and Wall v. Wall, 123 Pa. 545.   The
fact that it was written by pencil instead of pen does not affect
its validity as was decided in Myers v. Vanderbelt, 84 Pa. 510.
Furthermore, this will was admitted to probate on May 11,
1883, and the defendants in this action and their predecessors
in title under the will have been in possession of the land
claimed by the plaintiffs for a period of twenty-two years, and
their right of possession was never challenged until August 11,
1905, when this action of ejectment was instituted.   By the
Act of April 22, 1856, P. L. 532, sec. 7, it is provided that the
probate of the register of the proper county of any will devis-
ing real estate shall be conclusive as to such realty, unless
within five years from the date of such probate those interested
to controvert it shall, by caveat and action at law duly pursued,
contest the validity of such will as to such realty.   This was
amended by the Act of June 25, 1895, P. L. 305, by reducing
the period within which an appeal must be taken from the de-
cree of the register from five years to three.   The time within
which action must be taken is conclusive upon all parties :
Cochran v. Young, 104 Pa. 333 ; McCay v. Clayton, 119 Pa.
133 ; Wall v. Wall, 123 Pa. 545.   The court properly directed
the jury to return a verdict in favor of the defendants for the
land in dispute.

The assignments of error are not sustained and the judg-
ment is affirmed.