## Wells Will

*William H. Yohn, Jr.,* for proponents.

ROTHENBERGER, REGISTER OF WILLS, September 24,

1965.—This matter arises on a petition to the Register of Wills of Montgomery County to probate as the last will of May Wells, deceased, a holographic document dated January 9, 1965. The register refused to probate the document without a hearing to take testimony concerning whether or not the document was properly executed.

The register questioned whether or not the document was properly executed, because (1) the "signature" of decedent and of two "subscribing witnesses" was cut from some other document and pasted on the document offered for probate with the notation, "This is legal I pasted this on myself"; and because (2) the entire "will" is written on the face of a single sheet of paper and the "signature" was affixed at the very bottom right hand side of the reverse side of the sheet, which is blank except for the "signature" pasted as described in (1) above.

After consultation with counsel, the register fixed July 29, 1965, as the date for hearing. At the hearing, proof was submitted of certified mail notice with return receipts attached to all intestate heirs. No one appeared to contest the proposed probate. The proponents of the will were ably represented by William H. Yohn, Jr., Esq. The hearing was conducted by the register, who personally presided and was attended by the deputy register and the register's solicitor. The notes of testimony from the hearing having been transcribed, the matter is now ready for decision.

Based upon the notes of testimony and the evidence presented, the register makes the following

## FINDINGS OF FACT

1. Decedent died on July 1, 1965.

2. Immediately following decedent's death, the document offered for probate was found in a sealed envelope bearing the words "Last will and testament of May

Wells", which was locked in a brown lock box to which decedent had the only known key in her possession at the hospital at the time of her death, the box being kept beside decedent's bed at home and containing her other important papers and personal effects.

3. The document offered for probate, dated January 9, 1965, as well as the signature thereto and the words "This is legal I pasted this on myself" appearing thereon and the words on the envelope "Last will and testament of May Wells" were all in decedent's handwriting.

4. None of the witnesses who testified saw decedent paste on the document offered for probate the signature sheet cut from some other document.

## Discussion

Section 2 of the Wills Act of April 24, 1947, P. L. 89, provides that a will, to be validly executed, must "be signed by the testator at the end thereof". The instant case involves two problems: (1) Is the signature pasted on the will a valid signature? (2) Is a signature at the bottom of the reverse side of a single sheet where the entire testamentary writing is contained on the face of that single sheet "at the end thereof"?

(1) Exactly what constitutes a signature has never been reduced to a judicial formula: Brennan's Estate, 244 Pa. 574. What shall constitute a sufficient signature must depend largely on the custom of the time and place, the habit of the individual, and the circumstances of each particular case: Knox's Estate, 131 Pa. 220. The sole test to be applied is whether or not what is offered as a purported signature was made by testator with the intent that such be his signature: Emert Estate, 4 Fiduc. Rep. 221; Shoemaker's Estate, 47 D. & C. 337, 341.

The fact that the signature now before the register

is in pencil does not invalidate it (Myers v. Vanderbelt, 84 Pa. 510, 513), but research has uncovered no Pennsylvania case dealing with the pasting of a signature from a prior document. Pennsylvania cases have approved as signatures a multitude of informal markings (see cases listed in Probate and Interpretation of Wills, (Aker, §3.12C), and Black's Law Dictionary, 4th ed., p. 1553, defines "signature" as "The act of putting down a man's name at the end of an instrument to attest its validity, the name thus written. A 'signature' may be written by hand, printed, stamped, typewritten, engraved, photographed or cut *from one instrument and attached to another*, and a signature lithographed on an instrument by a party is sufficient for the purpose of signing it; it being immaterial with what kind of instrument a signature is made". (Italics supplied.)

Out-of-State authorities approving the signing of a document by cutting a signature from one instrument and attaching it to another are cited in 80 C. J. S., Signatures, §7.

Based on the identification of the handwriting, the notation "This is legal I pasted it on myself", the facts concerning the location of the will at decedent's death, and the fact that a reading of the language on reverse side of signature slip shows that it was a signature from an earlier will, lead the register to conclude that decedent pasted the signature, that by doing so she intended to execute the January 9, 1965, document as her will, and that, under the authorities above referred to, such did constitute a valid signature under the Wills Act of 1947.

(2) In view of Miller Will, 414 Pa. 385, annotated in 10 Vill. L. Rev. 196, 26 U. Pitt. L. Rev. 157, the register concludes that the signature is "at the end" of the will, as prescribed in section 2 of the Wills Act. See also Morrow's Estate (No. 1), 204 Pa. 479, and

cases cited in Probate and Interpretation of Wills, (Aker, §3.12D) and in 2 Hunter's O. C. Commonplace Book, Execution of Wills, §2.

Although the words "This is legal I pasted this on myself" are spatially located to the side of the signature, the register concludes that those words should be probated as a part of the will in much the same way that attestation clauses following decedent's signature are probated. In this regard, it is noted that section 2(1) of the Wills Act of 1947 does not preclude probate of such nondispositive words but only states that if it is decided that words are "after the signature", they shall not invalidate that which is before the signature.

## CONCLUSIONS OF LAW

1. The pasting by decedent of her pencilled signature from some other document to the will dated January 9, 1965, constitutes a valid signature.

2. The signature located on the reverse side of a single sheet on which all testamentary language appears on the face of the sheet is "at the end thereof".

3. The signature of decedent has been sufficiently identified by two witnesses.

4. The entire document consisting of all words appearing on both sides of the sheet, dated January 9, 1965, will be probated, and letters testamentary will be issued to the Security Trust Company of Pottstown, Pa.

5. All costs of this proceeding, including specifically, but not limited to, the bill due the official reporter for preparation or transcription of the notes of testimony, shall be paid from the estate by the executor within 30 days of notification of such costs, whether or not any appeal is taken from this decision. In the event costs are not so paid within the time limit fixed, the register will petition the orphans' court for an appropriate order to enforce collection of such costs.