9     213
24 SC ¹394

## McKeon *v.* King.

Where the petition of a landlord to recover possession of the demised property under the act of 1830 sets out the facts necessary to give the magistrates jurisdiction, and their inquest recites that they found these facts to be true, it is sufficient, though the facts found are not otherwise stated in the inquest.

A sheriff's vendee of the landlord's title is within the act.

A bill of exceptions cannot be taken in such proceedings.

In error from the Common Pleas of Allegheny.

The plaintiff was the sheriff's vendee of the title of defendant's landlord. The petition presented by him to two justices, set out the demise to defendant, the sale to plaintiff, that the rent was in arrear, &c. The inquests recited this petition, and found "that the particulars of the complaint were just and true." Objections were taken to certain witnesses, and the proceedings were affirmed by the court.

*Mellon*, for plaintiff in error.

*Dunlop*, contrà.

*Sept.* 23. GIBSON, C. J.—The statute expressly gives jurisdiction of a case like the present; and policy requires that the proceedings be not too nicely scanned as to form. The plaint and inquisition before us would, however, stand the test of a severe scrutiny even as to that. True, it is not detailed in the inquisition, which is the material part of it, that the complainant had demised

the premises for years to a person from whom the complainant derives title, that rent was in arrear, and that there was not sufficient unprivileged property on the premises to answer a distress for it: but the plaint contains explicit averments of these several facts, and they are generally found in the inquisition, to be "in all particulars just and true." They might have been found directly and specially; but surely enough was found by a tribunal of laymen, without the tautology of repeating them. As to the fact that the lease was not made directly by the complainant, it is entirely clear that an assignee is entitled to the remedy. The exceptions to evidence were out of place; for there is no such thing at common law, and the statute extends no further than to courts of record.

Judgment affirmed.