## Hickey v. Conley, Appellant.

*Judgment—Validity of judgment—Jurisdiction—Subject-matter—Parties—Record.*

The cases in which the validity of a judgment may be questioned are of three classes : (1) Where the court is without jurisdiction of the subject-matter or of the parties. ' In such case there is but the simulacrum of a judgment, utterly void and without effect in law. It is open to attack directly or collaterally, and no proceeding based on it can be sustained ; (2) where in proceedings out of the course of the common law matters necessary to sustain the judgment do not appear of record, or the judgment directed by statute is not entered. Here too, the judgment is absolutely void; (3) where there is a defect or irregularity in the proceedings, not ipso facto fatal, but for which the judgment may be vacated or reversed. In this case the judgment is not void, but merely voidable at the instance of the parties affected by it, and remains valid until vacated or reversed.

*Landlord and tenant—Proceedings to dispossess—Act of April 3, 1830—Judgment—Record—Justice of the peace.*

In proceedings before a justice of the peace by a landlord against a tenant to recover possession for nonpayment of rent, under the act of April 3, 1830, it must affirmatively appear not only in the complaint, but also in the record of the justice, either as specifically found, or by a finding that the complaint " is in all particulars just and true," that the lessor demised the premises to the lessee for years or otherwise, reserving rent ; that the rent is in arrear and unpaid ; that there are not sufficient goods and chattels on the premises to pay the said rent, except those exempt from levy and sale ; that the lessor has given the lessee notice to quit the premises within fifteen days from the date of the notice, if between April 1 and September 1, or thirty days if between September 1 and April 1 ; and that the lessee has refused, after such notice, to remove and redeliver up possession of the premises. If the complaint and the record omits to set forth the rent reserved by the lease, or that the tenant refused to remove from and deliver up possession of the premises after notice to quit, the judgment is absolutely void.

In a proceeding under the act of April 3, 1830, a judgment in the following form, " After hearing judgment by default for thirty dollars for rent and possession of plaintiff's property and costs of suit," is fatally defective, inasmuch as the act provides a " judgment against the lessee, that the premises shall be delivered up to the lessor."

Argued Dec. 7, 1903.    Appeal, No. 123, Oct. T., 1902, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1901, No. 5, on verdict for plaintiff in case of John J. Hickey v. Thomas W. Conley. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Trespass for an alleged unlawful eviction.    Before WEAND, J.

At the trial it appeared that in May, 1901, plaintiff was evicted from premises belonging to defendant by a constable acting under a warrant issued by a justice of the peace.    The transcript of the record of the justice of the peace upon which the defendant relied was as follows:

Now, May 9, 1901, Thomas W. Conley appears and under oath makes complaint that he is the owner in fee of premises situated on west side of Franklin avenue, Rosemont, Montgomery county, Pennsylvania, which are at present occupied by John J. Hickey; that he leased by verbal lease the said premises to said Hickey on October 16, 1900, for no definite period, but reserved a certain rent payable on the sixteenth day of each and every month, thereby constituting under the laws of this state a monthly lease.

Deponent further states that on numerous occasions he has notified said Hickey to quit said premises at the termination of the term of said lease, and this the said Hickey has persistently refused to do.

On April 16, 1901, deponent had served upon said Hickey a notice to quit, which notice said Hickey has failed to obey.

Deponent further says that on April 19, 1901, said Hickey still being in possession of said premises, although his lease had terminated on the sixteenth day of said month, the deponent caused to be served upon said Hickey a notice, which notice stated the rental charge would be $30.00 per month for said premises, payable on the twenty-second day of each month in advance; the notice further gave said Hickey a reasonable time to remove from said premises had he not wished to accept the terms of new lease.    Deponent further says that on April 23, 1901, said rent charge of $30.00 being due and unpaid, deponent caused to be served on defendant a notice, said notice being a demand for rent due in accordance with act of assembly,

1830. Deponent further says that to the best of his knowledge and belief the property of said Hickey at the present time in the aforesaid premises does not exceed in value the amount of property now exempted by law from distress, and therefore the said Hickey, not having paid the said rent now justly due after demand made by deponent, the said deponent prays that a writ of possession issue in accordance with the aforesaid act of assembly, and further the deponent saith not. Now, summons issued May 9, 1901, returnable May 14, at 9 A. M. Paul J. Kugler, constable, returned upon oath served upon defendant by leaving a copy of the original at his dwelling house with his wife. Now, May 14, plaintiff appears with his attorney, Algernon B. Roberts, Esq. Defendant does not appear, given a hearing, Howard Stillwagon sworn. Jesse K. Lewis sworn after hearing judgment by default for $30.00, for rent and possession of plaintiff's property and costs of suit.

Now, May 15, writ of possession issued.

Now, May 25, Paul J. Kugler, constable, makes return of said writ, stating that he served the writ on defendant and put his goods out on the road on May 25, 1901. So answers Paul J. Kugler, constable.

The complaint was as follows :

Thomas W. Conley, being sworn, according to law, doth depose and say that he is the owner in fee of the premises situate on the west side of Franklin avenue, near Pennsylvania railroad, which are at present occupied by John J. Hickey ; that he leased by verbal lease the said premises to said Hickey on October 16, 1900, for no definite period, but reserved a certain rent payable on the sixteenth day of each and every month, thereby constituting under the laws of this state a monthly lease.

Deponent further says that on numerous occasions he has notified said Hickey to quit said premises at the termination of the term of said lease, and this the said Hickey has persistently refused to do.

The deponent appends to this affidavit a copy of a notice to quit on April 16, 1901 (marked " Exhibit A "), which was duly served according to law upon said Hickey, which notice said Hickey failed to obey.

Deponent further says that on April 19, 1901, said Hickey

still being in possession of said premises, although his lease has terminated on the sixteenth day of said month, the deponent caused to be duly served upon said Hickey a notice, of which a copy is hereto appended and marked "Exhibit B," which notice stated the rental charge would be $30.00 per month for said premises payable on the twenty-second day of each month in advance. The notice further gave said Hickey a reasonable time to remove from said premises had he not wished to accept the terms of the new lease.

Deponent further says that on April 23, 1901, said rent charge of $30.00 being due and unpaid, deponent caused to be served upon said Hickey a notice, a copy of which is hereto appended marked "Exhibit C," said notice being in a demand for rent due in accordance with the Act of Assembly of April 3, 1830, P. L. 187.

Deponent further says that to the best of his knowledge and belief the property of said Hickey at present in the aforesaid premises does not exceed in value the amount of property now exempted by law from distress, and therefore the said Hickey, having not paid said rent now justly due after demand made by deponent, the said deponent prays that a writ of possession issue in accordance with the aforesaid act of assembly, and further the deponent saith not.

The court charged in part as follows:

[Now there are two questions arising in this case: One, a question of law for the court to decide, and of course you will take the law from the court; and the other, a question of fact, and that is entirely for you.

The question of law is as to whether this was a legal dispossession, and the court instructs you that it was not and that these proceedings were erroneous. In order that the matter may go upon the record so that the defendants may have the benefit of the court's thought, I will briefly state to you upon what ground I base that opinion.

In the first place the act of assembly requires that if the justice find the allegation to be true he should enter judgment against such lessee that the premises shall be delivered up to the lessor. Now that must be his judgment. I find that this judgment was faulty, that it is not in the language

of the act of assembly, but merely that the plaintiff have possession, and it does not render any judgment that the lessee is to deliver them up. Again, the justice gave judgment by default for $30.00 for rent. This he had no right to do. All the law required him to do was to give the judgment that the lessee should deliver up the premises, and then he was to ascertain what the amount of the rent was, but he had no right to give a judgment for the rent. The law requires that having ascertained the amount of the rent, he was to indorse that on the back of the warrant, together with his costs. On examining this warrant of dispossession I find that that was not done. The object of that is so that the tenant, when this writ is brought to him, may know how much is claimed from him, and then if he pays it the proceedings go for nothing.

Again, the justice is required to find that the facts alleged by the landlord are true. There is nothing stated here at all in reference to that. He just says, " after hearing, judgment by default." He does not find that the facts are true, nor does he find that there were no goods on the premises sufficient to satisfy the landlord's claim, and that he must find before he can issue the writ of dispossession.

Then the law requires that no writ of dispossession shall be issued by the said alderman or justice of the peace for five days after the rendition of the judgment. The object of that is to give the tenant a chance to appeal by giving security and have his rights determined. Now this writ of possession was issued on the next day after the judgment was given, and that was four days too soon. These are a few of the reasons why the court decides that this was an illegal act.

Having decided that, the question for you to decide is, what damages shall be allowed Mr. Hickey for this unlawful act.]

Verdict and judgment for plaintiff for $231.92. Defendant appealed.

*Error assigned* among others was above instruction, quoting it.

*Roland S. Morris* and *Algernon B. Roberts*, with them *C. Henry Stinson*, for appellant.—The defendant was absolutely

protected by the judgment, which stood unreversed at the time of the alleged tort, and which had been rendered by a justice of the peace, who had undoubted jurisdiction of the subject-matter and of the parties : McDonald v. Simcox, 98 Pa. 619 ; Kramer v. Wellendorf, 129 Pa. 547 ; Breckwoldt v. Morris, 149 Pa. 291 ; Sweeney v. Girolo, 154 Pa. 609 ; Leese v. Horne, 47 Pitts. Legal Jour. 316 ; Kase v. Best, 15 Pa. 101 ; Buckmyer v. Dubs, 5 Binney, 29.

But even admitting for a moment, and for the sake of argument, that the judgment in this case can be collaterally attacked, yet it is submitted that there can be no recovery in this action of tort because the evidence clearly shows that the tenant, at the time he was dispossessed, was a mere trespasser and had no right of possession, and that the appellant was therefore justified in removing him from the premises as he did : Roberts v. Hayward, 3 C. & P. 432 ; Pittsfield v. Ewing, 6 Phila. 455 ; Overdeer v. Lewis, 1 W. & S. 90 ; Stearns v. Sampson, 59 Me. 568 ; Clark v. Keliher, 107 Mass. 406 ; Taylor v. Cole, 3 Durnford & East's Rep. 292.

*Henry M. Brownback*, for appellee.—The judgment of the justice was fatally defective : Graver v. Fehr, 89 Pa. 460 ; McGee v. Fessler, 1 Pa. 126 ; Davis v. Davis, 115 Pa. 261 ; McDermott v. McIlwain, 75 Pa. 341 ; Trimbath v. Patterson, 76 Pa. 277 ; McCarthy v. Sykes, 7 Pa. Dist. Rep. 243.

OPINION BY SMITH, J., March 14, 1904 :

To make the judgment of any tribunal valid, the court must have jurisdiction of the subject-matter and of the parties, the proceedings must be regular, and the proper judgment must in due form be entered.    Hence the cases in which the validity of a judgment may be questioned are of three classes : (1) Where the court is without jurisdiction of the subject-matter or of the parties.    In such case, there is but the simulacrum of a judgment, utterly void and without effect in law.    It is open to attack directly or collaterally, and no proceeding based on it can be sustained : Camp v. Wood, 10 Watts, 118 ; Wall v. Wall, 123 Pa. 545.    (2) Where, in proceedings out of the course of the common law, matters necessary to sustain the judgment do not appear of record, or the judgment directed

by statute is not entered. Here, too, the judgment is absolutely void: Graver v. Fehr, 89 Pa. 460. (3) Where there is a defect or irregularity in the proceedings, not ipso facto fatal, but for which the judgment may be vacated or reversed. In this case the judgment is not void, but merely voidable at the instance of the parties affected by it, and remains valid until vacated or reversed: Sweeney v. Girolo, 154 Pa. 609 ; Ogle v. Baker, 137 Pa. 378.

It is not material, for the purposes of this case, whether the tenant was lawfully in possession at the commencement of the proceedings, or had become a trespasser by holding over. The landlord elected to treat him as still a tenant, and proceeded against him as such to recover possession for nonpayment of rent, under the act of April 3, 1830. He is bound by his election, and his only defense in this action rests on his rights under that act as determined of record. The proceeding being purely statutory, to give it validity the record must show affirmatively the existence of everything required by the statute to confer jurisdiction on the justice and to support the judgment: McDermott v. McIlwain, 75 Pa. 341 ; Trimbath v. Patterson, 76 Pa. 277 ; Givens v. Miller, 62 Pa. 133 ; Graver v. Fehr, 89 Pa. 460 ; Davis v. Davis, 115 Pa. 261. It must appear of record that the lessor demised the premises to the lessee for years or otherwise, reserving rent; that the rent is in arrear and unpaid; that there are not sufficient goods and chattels on the premises to pay the said rent, except those exempt from levy and sale ; that the lessor has given the lessee notice to quit the premises within fifteen days from the date of the notice, if between April 1 and September 1, or thirty days if between September 1 and April 1; and that the lessee has refused, after such notice, to remove and redeliver up possession of the premises. These are the grounds on which the justice is authorized to act, and unless the complaint sets them forth, in substance, it exhibits no cause of action, and is insufficient to give jurisdiction. The same matters must also appear in the record of the proceeding made by the justice, either as specifically found, or by a finding that the complaint "is in all particulars just and true : " McKeon v. King, 9 Pa. 213 ; Maxwell v. Perkins, 93 Pa. 255. In Givens v. Miller, supra, Mr. Chief Justice THOMPSON, after reciting the matters to be set

forth, said : " This is an inquest of facts which, if found true by the justice, must appear to have been so found by him in the record of his judgment, or by reference to the complaint, if fully set forth therein, as true. They are the essential supports of his judgment, and must appear to have been established in order to sustain a judgment for the plaintiff." The facts giving jurisdiction being thus made to appear of record, the judgment entered by the justice must be in conformity with the statute ; he " shall enter judgment against such lessee, that the premises shall be delivered up to the lessor." The rent actually due shall also be ascertained by the justice, on due and legal proof. Five days after judgment, unless the lessee appeals, giving security for costs and rent accruing until judgment, a writ of possession may issue, to be executed within ten days. At any time before it is executed, however, the lessee may supersede it by paying the rent and costs, which are to be indorsed thereon ; otherwise, the constable is to deliver possession of the premises to the lessor, and collect the costs as costs are collected on execution.

In the case before us, the complaint omits to set forth the rent reserved by the lease, and the reservation is so stated as to leave it uncertain whether the amount claimed was due according to the terms of the contract, or was arbitrarily demanded of the lessee as the alternative of giving up possession. The complaint, while setting forth that the lessee has not paid the rent demanded, contains no allegation that he has refused to remove from and redeliver up possession of the premises after the notice to quit. Unless the lessee continues in possession until the complaint is made, there is no ground for the proceeding, since its purpose is to give the lessor possession on default of payment by the lessee. Here there is no averment of the wrong which the proceeding is designed to remedy,—the withholding of possession by the lessee while neglecting to pay the rent ; and as nothing which is not stated is to be presumed, this omission cannot be supplied by inference.

The record made by the justice is still more defective. It recites, in the main, the matters set forth in the complaint. But it contains no finding that the complaint is in all particulars just and true,—which, indeed, would be insufficient, since the complaint fails to state all the necessary facts,—and no

specific finding of any of the matters requisite to give jurisdiction and support a judgment. Neither is there any entry of the judgment directed by the statute. The only entry in the nature of a judgment is the following: "After hearing judgment by default for $30.00, for rent and possession of plaintiff's property and costs of suit." This is not a "judgment against the lessee, that the premises shall be delivered up to the lessor," which is the only judgment authorized by the statute: Hazen v. Culbertson, 10 Watts, 393. The judgment for $30.00 may well be understood as meaning compensation for rent and possession of plaintiff's property by the lessee. But whatever its meaning, it is in no sense the judgment prescribed by the statute. As a judgment, it is not merely voidable at the instance of the lessee, but absolutely void. There is nothing on the record to sustain any judgment, and no judgment to sustain the writ of possession, even had this not been issued prematurely. The lessor cannot here justify under either.

Judgment affirmed.

RICE, P. J., dissents.