## Flyte, Appellant, *v.* Stover.

*Practice, Superior Court—Appeals—Questions not raised in court below.*

The Superior Court will not review a case on a theory different from that on which it was tried in the court below, nor will it consider questions which were argued for the first time on appeal.

Although the record of an alderman in dispossession proceedings may contain defects which would render them so irregular as not to sustain the warrant of possession and require them to be set aside on certiorari, or justify an action in trespass for the unlawful eviction based on such irregular and void proceedings, yet if the plaintiff in such action of trespass bases his right to recover not on the defective record but on matters going to the merits of the proceedings, and the action is tried on that basis in the lower court, the appellate court will not consider objections to the record in the dispossession proceedings not raised by the pleadings nor passed upon by the court below.

Hickey v. Conley, 24 Pa. Superior Ct. 388, distinguished.

Argued March 11, 1919.   Appeal, No. 228, Oct. T., 1918, by plaintiff, from judgment of C. P. Lehigh County,

June T., 1916, No. 37, refusing to strike off nonsuit in the case of Ada M. Flyte v. Ellen Stover. Before OR-LADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Trespass for an alleged unlawful eviction. Before GROMAN, P. J.

The opinion of the Superior Court states the case.

The court entered a compulsory non suit which it subsequently refused to strike off. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*William H. Schneller,* for appellant, cited: Camp v. Wood, 10 Watts 118; Palethorp v. Schmidt, 12 Pa. Superior Ct. 214; Graver v. Fehr, 89 Pa. 460; McDermott v. McIlvain, 75 Pa. 341; Trimbath v. Patterson, 76 Pa. 277; Hickey v. Conley, 24 Pa. Superior Ct. 388; Givens v. Miller et al., 62 Pa. 133.

*Thomas F. Diefenderfer,* for appellee.

OPINION BY KELLER, J., July 17, 1919:

The able argument of the counsel for the appellant in this court was directed to certain alleged defects in the record of the alderman in the dispossession proceedings instituted by the defendant against the plaintiff, which formed the basis of the present action in trespass. It was contended that under the authority of Hickey v. Conley, 24 Pa. Superior Ct. 388, the judgment of the alderman was void and the consequent dispossession an unlawful eviction for which the landlord, the defendant in this case, was liable in an action of trespass.

An examination of so much of the alderman's record in the dispossession proceedings as was brought up with the record in this case and printed in the appellant's paper-book, would seem to disclose certain defects which, if contained in the whole record, under the ruling of the

Supreme Court in Hazen v. Culbertson, 10 Watts 393, and of this court in Hickey v. Conley, supra, would render the proceedings so irregular as not to sustain the warrant of possession, and require them to be set aside on certiorari or justify an action in trespass for the unlawful eviction based on such irregular and void proceedings. The latter course was adopted in the case of Hickey v. Conley, but the irregularities or defects in the proceedings before the justice which were relied upon to invalidate those proceedings, were declared upon in the plaintiff's statement and were brought to the attention of the court below in the trial of the case. In the present action, the plaintiff in her statement of her cause of action rested her right to recover on the allegations that she did not owe the entire amount of rent claimed to be due and that she had more than sufficient goods and chattels on the premises, over and above such as were exempt from levy and sale by law to satisfy the rent claimed. These were matters going to the merits of the case before the alderman, which, if his record showed the jurisdictional facts required by the Act of April 3, 1830, P. L. 187, could only be reviewed by appeal to the court of common pleas. The alleged defects in the record now pressed upon this court, do not appear to have been averred in the plaintiff's statement nor brought to the attention of the court below at the trial by the attorney then representing the plaintiff.

It has been frequently decided by the Supreme Court that an appellate court will not review a case on a theory different from that upon which it was tried by the court below, nor consider questions which were not raised in the lower court, but were argued for the first time on appeal: Armstrong & Latta v. Phila., 249 Pa. 39; Weiskircher v. Connelly, 256 Pa. 387; Hurt v. Fuller Canneries Co., 263 Pa. 238.

As the case was presented in the pleadings and on the trial in the court below it was not error to reject the evidence offered as to the value of the furniture on the prem-

534     FLYTE, Appellant, v. STOVER.

Opinion of the Court.   [72 Pa. Superior Ct.

ises just prior to the dispossession of the plaintiff and that, after allowing for the amount exempt from levy and sale, it was in excess of the amount of rent claimed, complained of in the first and second specifications of error, nor to refuse to strike off the judgment of nonsuit, assigned as the third and fourth specifications of error.

For the above reasons and without intending in any manner to depart from our ruling in Hickey v. Conley, supra, the assignments of error are overruled and the judgment is affirmed.