## Gehrken's Appeal

*R. Lawrence Hildebrand,* for appellant.
*Thomas V. Mansell,* for Secretary of Revenue.

BRAHAM, P. J., February 4, 1944.—May a summons in trespass in an action before a justice of the peace of the county where the cause of action arose be served in another county by a constable of the second county? Where the record shows that this was the only method of service, is the judgment void or only voidable? Where the Secretary of Revenue has forfeited an automobile driver's license for failure to pay such a judgment, is the judgment so invalid as to require a reversal of the order of suspension? These are the questions raised by this appeal from the order of suspension.

The only material facts are these: Jesse F. Gehrken became involved in an automobile accident in Allegheny County; a suit was brought against him by Lee C. Moore Company before a justice of the peace there; the justice gave the writ to Andrew L. Fair, a con-

stable of Lawrence County, for service; the record shows service by Fair and no other service; judgment was entered for plaintiff. The Secretary of Revenue forfeited Gehrken's license for failure to pay the judgment and Gehrken appealed.

The validity of the service must first be determined. Justices of the peace are constitutional officers (Constitution of 1874, art. V, sec. 11) but they are ward, borough, or township officers: Commonwealth ex rel. v. Callen, 101 Pa. 375; Reed and Amour's Nominations, 10 Dist. R. 210. The jurisdiction of justices of the peace is entirely statutory: Murdy v. McCutcheon et ux., 95 Pa. 435. The general rule is that a justice of the peace cannot issue any process in civil cases, except subpœnas, to extend beyond the boundary of the county: Binns' Justice 451; Act of July 9, 1901, P. L. 614, 12 PS §318.

The constable is also a township or ward officer; outside of it he has no jurisdiction and even his power to execute process beyond his immediate district arises rather from the jurisdiction of the magistrate than from his own: Commonwealth, to use, v. Lentz et al., 106 Pa. 643, 645.

With the growth of automobile traffic and the increase in litigation arising therefrom, the legislature found it desirable to widen the jurisdiction of the courts with respect thereto. Whereas at common law a tort action could be maintained only where the defendant could be served, it was provided first by the Act of April 23, 1903, P. L. 268, and later by the Act of May 1, 1929, P. L. 905, sec. 1208, as amended by the Act of June 22, 1931, P. L. 751, 75 PS §738, that such actions might be brought in the county where the cause of action arose. The language of this act as to service of process is:

". . . and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where

service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county".

In the present case neither the sheriff nor a constable of Allegheny County pretended to deputize the constable of Lawrence County to make the service. The justice of the peace issued the process directly to the latter. Even if Fair had been deputized, the service would have been bad because it is only the sheriff of the county where service is to be made who can be deputized.

In Barringer v. Case, 38 D. & C. 439, President Judge Knight of Montgomery County considered the question now before us. It was there urged that the Act of July 9, 1901, P. L. 614, sec. 1, cl. 16, 12 PS §318, gave to constables the same right of deputized service enjoyed by sheriffs. Without repeating all his reasoning, we agree with Judge Knight's conclusion that, since the Act of 1901 allowed deputized service only "where the sheriff of another county might be deputized as hereinbefore set forth", it does not apply to the Act of 1929, as amended by the Act of 1931, which was adopted long afterward. We conclude that purported service by the Lawrence County constable was bad.

Does this defect in service render the judgment void or voidable? A judgment may be void because the court had no power to render it with respect to the subject matter or because the court had not acquired lawful jurisdiction over the person of the defendant: A. L. I. Restatement of Judgments §4. A court acquires jurisdiction over the defendant by service upon him according to law.

A judgment is void if there is a failure to comply with such requirements as are necessary for the exercise of power by the court: A. L. I. Restatement of Judgments §8.

In Williams et ux. v. Meredith, 326 Pa. 570, 572, the Supreme Court, speaking by Chief Justice

Kephart, ruled that deputized service in negligence actions under The Vehicle Code might be employed only where suit was started in the county where the cause of action arose, saying:

" 'In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature. We stated in Davidson v. Bright, 267 Pa. 580, that statutes in derogation of the common law must be construed strictly and only such modification of the law will be recognized as the statute clearly and definitely prescribes.' In Hughes v. Hughes, 306 Pa. 75, 78, this court said: 'It is general law that service statutes are to be construed strictly, and particularly statutes authorizing substituted service or service by publication: 50 C. J. 490; Stamey v. Barkley, 211 Pa. 313; Lehigh Valley Ins. Co. v. Fuller, 81 Pa. 398.' "

Applying these principles, since it appears that the service was made not by a sheriff as the law directs but by a constable, the service was bad and the judgment is void.

For the general principle that a judgment entered by a court without jurisdiction of the subject matter or of the person is void rather than voidable, there are many authorities: Camp v. Wood, 10 Watts 118; Hickey v. Conley, 24 Pa. Superior Ct. 388; Patterson's Estate, 341 Pa. 177; Mintz v. Mintz, 83 Pa. Superior Ct. 85.

To render the judgment void the invalidity should be apparent upon the face of the record: Wall v. Wall, 123 Pa. 545, 553; Mintz v. Mintz, supra; Brushvalley Township Poor Directors v. Allegheny County Poor Directors, 25 Pa. Superior Ct. 595.

May the judgment in this case be attacked collaterally? The attempt to show the revocation of license to be improper because the judgment, the failure to pay

which is the reason for the revocation, was void is a clear case of collateral attack. The general rule on this point is stated in Wall v. Wall, 123 Pa. 545, 553, as follows:

"So, although the court may have jurisdiction of the subject-matter, yet if there be no service, actual or constructive, on the defendant, the judgment is void for want of jurisdiction over the person to be affected. If such want of jurisdiction appear upon the record, it can be taken advantage of at any time and in any court where the conclusiveness of the judgment is the subject of judicial inquiry. The reason for this is found in the fact that the record of the judgment bears on its face the proof of its illegality and shows the want of power in the tribunal to render it. When it is offered as a conclusive adjudication between the parties, an inspection shows that it is not, because the court had no power to make an adjudication."

See also on this subject: Moskowitz's Registration Case, 329 Pa. 183, 191; Limber's Estate, 284 Pa. 346; Simpson's Estate, 253 Pa. 217; Mamlin v. Tener, 146 Pa. Superior Ct. 593; Hickey v. Conley, 24 Pa. Superior Ct. 388; Ely et al. v. United States Coal & Coke Co. et al., 243 Ky. 725, 49 S. W. (2nd) 1021, 1025.

Conceivably, the legislature might have provided that the license of a motorist might be revoked if he did not cause the satisfaction or removal of a judgment against him, however invalid it might be, thus putting upon him the burden of seeking relief in the court which rendered the judgment. But the very section of the act relied upon by the Secretary of Revenue to justify the revocation (Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, sec. 11, as last amended by the Act of August 6, 1941, P. L. 855, sec. 11, 75 PS §1263) provides:

"If, within fifteen days after it becomes final, any person fails to satisfy any judgment rendered against him by a court of competent jurisdiction. . . . the secretary . . . shall forthwith suspend such person's operator's license . . ."

The·act applies only where a "court of competent jurisdiction" has rendered the judgment. Here there was no lawful service and hence no jurisdiction.

None of the authorities cited by the respondent militates against the conclusions herein expressed. The opinion of Judge Boose of Somerset County in Berkbile's Appeal cites the familiar principle that the judgment of a court of competent jurisdiction is presumed to be valid and is not open to collateral attack. This is undoubtedly the law (31 Am. Jur. 86) ; but the exception where lack of jurisdiction appears upon the record is equally well founded (31 Am. Jur. 87). The two cases from the Common Pleas of Luzerne County (Commissioner of Motor Vehicles of New Jersey and Secretary of Revenue of Pennsylvania v. Rodovice, no. 159, October term 1942, and In re Suspension of Operator's License, 35 Luz. Leg. Reg. 185) are cases in which the lack of jurisdiction does not appear on the record and hence are not pertinent.

We conclude that, where the license of a motorist has been revoked solely because of an unsatisfied judgment and the judgment is void because of a failure to serve the defendant and the infirmity of the judgment appears upon the record, the order of the Secretary of Revenue should be reversed. Whether or not the secretary should have observed the defect and refused to honor the judgment, it is certainly the duty of this court, which must hear the case de novo, to do so: Act of May 15, 1933, P. L. 553, sec. 22, as amended by the Act of June 25, 1937, P. L. 2097, sec. 2, 75 PS §1273a. Entertaining these views we make the following

### Order

Now, February 4, 1944, it is determined that the petitioner was not subject to suspension or revocation of license of motor vehicle registration or operator's license and the order of the Secretary of Revenue revoking the same is hereby revoked. The costs are placed upon the County of Lawrence.