## S. Carl Garner & Co. v. Marshall

*Charles B. Ermentrout*, for plaintiff.
*Vanartsdalen & Biester*, for defendant.

KELLER, P. J., December 30, 1946.—This matter is before us on certiorari to William Wrigley, Esq., the justice of the peace before whom the case was heard. The record and transcript were filed on July 3, 1946.

On August 9, 1946, defendant filed the following exceptions to the record of the justice and moved that the judgment be set aside and the proceedings reversed.

"1. The record shows that the suit was instituted by an affidavit to a book account. That defendant filed an affidavit of defense to the same. That the justice of the peace gave judgment for defendant without hearing defendant's testimony and without hearing any testimony from any witnesses of plaintiff. The record is fatally defective in that it fails to show any witnesses sworn or evidence produced on which judgment was entered.

"2. The record is fatally defective in that it appears to have been a suit instituted by filing a statement of claim and that an affidavit was filed thereto but no witnesses sworn or heard and no opportunity given defendant to be heard, but that judgment was entered on considering the affidavit of defense."

An examination of the record reveals that, although the justice did not specifically designate it as such, the judgment rendered by him was for want of a sufficient affidavit of defense. Under the Act of July 7, 1879, P. L. 194, sec. 2, 42 PS §451, it is provided, inter alia:

"In all actions brought before any justice of the peace, magistrate or alderman, on any contract for the payment of money, either expressed or implied, if the plaintiff shall file at any time before the issuing of the summons in any such case an affidavit, stating the amount he verily believes to be due from the defendant, together with a copy of the book entries or instrument of writing upon which the action is brought, or where the claims are not evidenced by writing, if the plaintiff shall file as aforesaid an affidavit setting forth a full and detailed statement of the same, it shall be the duty of the justice, alderman or magistrate to make a copy of such affidavit, duly certify the same, and deliver it to the constable to whom the summons is

issued, which certified copy shall be served at the time and in the manner that service is made of the summons in the case; and the justice, magistrate or alderman shall render judgment in favor of the plaintiff for the amount of his claim, unless the defendant, at or before the time at which the summons is made returnable, shall have filed with the justice, magistrate or alderman, an affidavit of defense setting forth fully the nature and character of the same: Provided, That the affidavit required by this section may be made by the agent of the party, where such agent is cognizant of the facts constituting the cause of action or defense or other matters set forth: And provided further, That nothing contained in this act shall be construed to alter, impair or abridge the right of any person to appeal from the judgment of the justice of the peace, magistrate or alderman, or to certiorari the proceedings to the court of common pleas of the proper county, as in other cases: And provided further, That nothing contained in this act shall apply to magistrates in cities of the first class: . . ."

This act provides a new remedy in derogation of the common law. It enlarges the jurisdiction of the justice in that judgment may be given for want of an affidavit of defense. However, in order to sustain a judgment so rendered, its requirements must be strictly complied with. The record must show affirmatively that all the precedent acts required by the statute had been performed, otherwise the justice is without jurisdiction and his judgment will be reversed on certiorari. See Fell v. Leach, 31 Pa. C. C. 137, and Gillespie v. Gillespie, 10 Northumb. 369.

It will be noted that the act does not give a justice any authority to enter a judgment for want of a sufficient affidavit of defense and such a judgment cannot be sustained: Spangler v. Rush, 6 Dist. R. 28, 12 Montg. 165; Moore v. Bundy, 22 Pa. C. C. 583, 8 Dist. R. 529. Furthermore, to sustain a judgment under

this section, the record must show affirmatively that no affidavit was filed: Engle v. Ehprata Mountain Crystal Springs Water Co., 14 Dist. R. 159; Cowan v. Meyer, 36 Lanc. 36.

The proper procedure where plaintiff files an affidavit of claim under this section, if defendant does not appear, is for the justice to require plaintiff to prove his case and enter judgment by default. Judgment cannot be entered before a justice without hearing proof in support of plaintiff's claim, even though defendant refused to attend the hearing. If he enters judgment without having done so, such judgment is without authority and void: Wheeling Specialty Co. v. Cage, 13 Justice L. R. 197; Rothfuss Garage v. Diehl, 47 Pa. C. C. 461; Johnston v. American Casualty Co., 23 Westmoreland 178. The transcript in this case does not affirmatively disclose whether plaintiff appeared and testified at the hearing or whether the judgment was entered on plaintiff's affidavit of claim.

It is our conclusion that the justice, in rendering the judgment in this case in favor of plaintiff for want of a sufficient affidavit of defense, exceeded his authority and, therefore, was without jurisdiction and that the judgment so entered is absolutely void and must be reversed. See Hickey v. Conley, 24 Pa. Superior Ct. 388, 394.

We note that this certiorari was issued more than 20 days after the rendition of the judgment. The judgment was entered July 30, 1945; the certiorari was issued on July 3, 1946. The weight of the authorities is that where the record is void for a jurisdictional matter, the certiorari may be issued at any time. In the recent case of Sunday v. Humbert Coal Co., 22 D. & C. 297, the court ruled that the 20-day limitation upon the issuance of a certiorari to a justice of the peace, prescribed by section 21 of the Act of March 20, 1810, 5 Sm. L. 161, does not apply to a case where

the justice of the peace lacked jurisdiction, either of the parties or of the subject matter. To the same effect, see also McClellan v. Powers, 22 D. & C. 447, Croushore v. Pennsylvania Water Co., 86 Pitts. L. J. 37, and Pantall v. Dickey, 123 Pa. 431.

And now, to wit, December 30, 1946, the exceptions are sustained and the proceedings are set aside.