## Loprete v. Langcliffe Collieries, Inc.

*J. Harry Morosini, Joseph F. Tedesco* and *E. C. Marianelli,* for plaintiff.

*J. Frank Connolly, Frank M. McDonald* and *Joseph T. McDonald,* for intervenor.

HOBAN, P. J., June 28, 1948.—Plaintiff filed a præcipe for summons in assumpsit and also his statement of claim on March 11, 1946. The summons issued the same day. The Sheriff of Lackawanna County filed the following return of service of the summons:

"Lackawanna County, ss:

"I hereby certify and return that on Mar. 15, 1946, at 11:00 o'clock in the forenoon, I served the within Summons on the within named defendant, Langcliffe Collieries, Inc., by handing to and leaving with the watchman (he would not give his name) and person

in charge at the time being of the said Langcliffe Collieries, Inc., a true and attested copy of the within writ, together with certified copy of Plaintiff's Statement of Claim; and I made known to him the contents thereof, at their premises, in the Borough of Moosic, County of Lackawanna and State of Penna.

"So answers, Joseph A. Linnen, Sheriff,

"Deputy, Coleman."

On April 9, 1946, plaintiff filed a præcipe for judgment "for want of an appearance and for want of an affidavit of defense", and the prothonotary duly entered judgment for $4,310 and interest from July 11, 1943.

On April 26, 1946, J. Harry Morosini, attorney for plaintiff, made affidavit that defendant, Langcliffe Collieries, Inc., possessed no personal assets or property in Lackawanna County. Thereupon a writ of testatum fi. fa. issued, directed to the Sheriff of Luzerne County, directing execution on property in Luzerne County. The Sheriff of Luzerne County filed a return showing an execution and sale on May 13, 1946, of property of defendant in the Borough of Avoca, Luzerne County, described as "Culm Pile" for $54.74, the purchaser being "Joseph F. Tedesco attorney", one of the attorneys of record for plaintiff.

On March 12, 1948, Heidelberg Coal Company, not a party to the record, filed its petition asking for a rule to show cause why this court should not set aside the service of the summons, strike off the judgment and vacate and declare void the execution issued thereon, and to show cause why Heidelberg Coal Company should not be permitted to intervene for the purpose of moving for such action.

A rule to show cause was issued, an answer filed by plaintiff, and the issue is now before us for disposition.

Heidelberg Coal Company's petition sets forth these facts: That plaintiff's statement of claim avers that defendant, Langcliffe Collieries, Inc., is a Pennsylvania corporation with its principal office in Philadelphia and was engaged in the operation of a coal breaker in the Borough of Avoca, Luzerne County; that the return of service of the summons discloses that the service was invalid and therefore the consequent judgment was void; that claiming ownership of a culm pile in Avoca, Luzerne County, by virtue of the levy and sale under the testatum fi. fa. plaintiff instituted an action of trespass in the Court of Common Pleas of Luzerne County (December term, 1946, no. 995) against Heidelberg Coal Company for damages for the illegal removal of coal from the culm pile, whereas in fact the title to the culm pile from which Heidelberg has been removing coal is in J. Frank Connolly, attorney, by purchase from New York and Pittston Coal Company; and that the defense to the action in Luzerne County will put Heidelberg to unwarranted and serious legal and engineering expense, all of which could be avoided if the judgment in the case at bar is declared void.

The answer to the petition avers the regularity of service of the summons, the judgment and execution, avers that Heidelberg has no standing to challenge their regularity because Heidelberg is not a party to the record, that there is no fraud or collusion averred, that the judgment is at the most voidable and not void, and that by these proceedings Heidelberg seeks to try the title to the culm bank, the real subject matter of the Luzerne County suit.

Petitioner's theory is that the court is obliged to order stricken from the record a judgment void on its face, and once that fact is brought to the attention of the court, whether by a party to the record or otherwise, the court of its own motion ought to do so: Pan-

tall v. Dickey, 123 Pa. 431; Romberger v. Romberger, 290 Pa. 454; Gallis Estate, 340 Pa. 561, 570. The cases cited also emphasize that no laches will run against a void judgment.

It seems sound sense that no person ought to be put to expensive and tedious litigation to defend his interest in property against the adverse claim of another when the other's claim is founded on void legal proceedings. One threatened by such litigation has sufficient interest in the prior proceedings, whether as a party to the record or not, to represent the facts to the court and invoke its powers.

Pa. R. C. P. 2180 regulates service of process upon corporations. The pertinent provisions of the rule are as follows:

"(a) Service of process within the county in which the action is instituted shall be made upon a corporation or similar entity by the sheriff of that county by handing a true and attested copy thereof

. . . . . . . . . . .

"(2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity."

Can an unnamed "watchman . . . and person in charge . . . at their premises" in Lackawanna County be considered to be the person for the time being in charge of, and the service upon such person to be only at the office or usual place of business of the corporation? To affirm any such proposition would be to open the way to the gravest abuses in the service of process, offer innumerable opportunities for chicanery and run counter to the clear intent of Pa. R. C. P. 2180, as well as the prior practice under the suspended provisions of the service acts. "Office" and "usual place of business" have clear, defined meanings: Goodrich-Amram, sec. 2180(a)-9. The sheriff's service of the summons was not made at an office, nor is the word

"premises" in any sense equivalent to "place of business" usual or otherwise.

Plaintiff argues that the return is defective, makes the judgment at the most voidable, in which case admittedly the service and judgment could not be questioned by a stranger to the record, and that if depositions could be taken they would show that defendant had an office in Moosic Borough and still has property in Lackawanna County. If these facts are true the testatum fi. fa. is no good, for it was issued only on the affidavit of plaintiff's attorney that defendant had *no* property in Lackawanna County. If the service was not made in conformity with the rule, it is a nullity; there is no service on defendant. The court had no jurisdiction to enter a default judgment in a personal action where defendant is not legally in court. If no jurisdiction, the judgment is void, not voidable. So much is hornbook. But the sheriff's return shows that it was not made in conformity with the rule. Therefore, it is a nullity and proceedings founded on it are void for want of jurisdiction in the court to authorize them: Wall v. Wall, 123 Pa. 545.

The question of venue was raised here on the theory that the lack of venue in this court was apparent from the pleadings. Venue is a fact, and a challenge to venue might make an issue, but the failure to state venue in the pleadings is not fatal, if in fact venue exists. It is to be observed, however, that mere ownership of property by a corporation defendant in a county no longer gives that county venue as to personal actions against such corporations. See Pa. R. C. P. 2179. This rule was effective on the date these proceedings were instituted.

Plaintiff in this case is not without a remedy. If the facts in his statement of claim are provable, his claim is alive. Service of an alias summons, or a new complaint, may be made very easily under paragraphs

(*b*) and (*c*) of Pa. R. C. P. 2180, and the property which he now discovers in Lackawanna County no doubt is available for execution.

Now, June 28, 1948, the judgment entered April 9, 1946, in favor of plaintiff, Fortunato Loprete, and against defendant, Langcliffe Collieries, Inc., is ordered stricken from the record, the writ of testatum fi. fa., dated April 26, 1946, directed to the Sheriff of Luzerne County, is quashed and all proceedings thereunder vacated.